**CELLULAR MARKETING, INC., Appellant,**

v.

**HOUSTON CELLULAR TELEPHONE CO., Appellee.**

No. A14–91–00772–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 1, 1992.

Rehearing Denied Oct. 29, 1992.

Charles Rice Young, Houston, for appellant.

Robert Boemer, Al Stahely, Bonnie White, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

SEARS, Justice.

Appellant, Cellular Marketing, Inc., appeals from a judgment for the plaintiff for breach of contract. A jury awarded damages to Houston Cellular Telephone Co. after the trial court struck Cellular Marketing's Inc. pleadings and entered a default judgment on liability. We affirm.

Houston Cellular Telephone Co. ("Houston Cellular") owns and operates a cellular radio telephone network service. Cellular Marketing, Inc. ("Cellular Marketing") sold cellular radio telephone equipment and was an agent selling cellular telephone services.

Houston Cellular sued Cellular Marketing for breach of an exclusive agency agreement under which Cellular Marketing agreed to act as an exclusive sales agent for Houston Cellular.

On December 27, 1989, Houston Cellular served Cellular Marketing with sixty-five requests for production. Cellular Marketing failed to produce the documents requested.

On April 17, 1990, Houston Cellular informed the Court that the discovery requests from December 1989 were still outstanding, and it was considering a Motion to Compel and for Sanctions. Cellular Marketing's counsel promised to provide the discovery in "twenty-four to fourty-eight hours."

On April 19, 1990, the Court granted Houston Cellular's Special Exceptions to Cellular Marketing's Third Amended Answer. Counsel for Cellular Marketing requested four to five days to replead. The Court allowed Cellular Marketing five days to file an amended answer. Trial was set for April 27, 1990. However, Cellular Marketing did not produce the discovery as promised and did not file it's amended answer as ordered. Trial had to be reset for May 14, 1990.

On May 2, 1990, Cellular Marketing requested discovery from Houston Cellular and filed a notice to depose Mr. Hausman.[1] The Court noted that Cellular Marketing still had not complied with Houston Cellular's discovery requests. Cellular Marketing again promised production of the documents within two days. The Court then ordered that the discovery be exchanged on Friday, May 4, 1990. Cellular Marketing still had not filed it's amended answer; it was now eight days late.

On May 4, 1990, Houston Cellular filed a Motion to Quash the Deposition of Mr. Hausman, a Motion to Compel, (and for Sanctions), and a Protective Order. Cellular Marketing still failed to produce all of the documents as promised and as ordered by the Court. The Court postponed the hearing on the motions until Monday, May

1. Mr. Hausman is an officer of Houston Cellular.

7, 1990. Cellular Marketing still had not filed it's amended answer; it was now ten days late.

On May 7, 1990, the Court granted Houston Cellular's Motion to Quash and the Protective Order. Mr. Young, counsel for Cellular Marketing, took the stand and testified that they produced all documents they could find. Houston Cellular disputed this contention and cited two categories of documents missing:

(1) 1989 tax return forms and W2 forms; and

(2) Detailed billing statements and invoices for Cellular Marketing customers; (evidence of its sales to GTE in violation of their agreement).

The Court noted that it was anxious for defendant's amended answer; it was thirteen days late.

On May 11, 1990, Houston Cellular again informed the Court that discovery was not complete and asked for a hearing on its Motion to Compel and for Sanctions. The Court granted a hearing for Monday, May 14, 1990. Cellular Marketing's amended answer was now seventeen days late.

On May 14, 1990, Houston Cellular summarized the discovery events and requested that the trial court strike the defendant's pleadings under TEX.R.CIV.P. 215(2)(b)(5). The Court's order read as follows: "having heard the argument, and knowing the file pretty well, with all the pleadings and all the motions that have occurred, the Court will issue an interlocutory judgment for the Plaintiff under 215.... Defendant's pleadings will be stricken."

On September 20, 1990, the Court denied Cellular Marketing's Motion for Rehearing on the Court's decision to strike Cellular Marketing's pleadings. After a trial on damages, a jury awarded relief to plaintiff, Houston Cellular.

On April 25, 1991, a final judgment was signed and entered. It is from this judgment that Cellular Marketing appeals.

■ Cellular Marketing brings one point of error, alleging that the trial court abused it's discretion by striking their pleadings on May 14, 1990, and entering a default judgment for the plaintiff.

■ The standard of review in this appeal is abuse of discretion. "Discovery sanctions imposed by a trial court are within that court's discretion and will be set aside only if the court clearly abused its discretion." *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex.1986) citing *Street v. The Second Court of Appeals*, 715 S.W.2d 638 (Tex.1986). The test for abuse of discretion is whether the court acted without reference to any guiding rules and principles, or whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–2 (Tex.1985) *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In determining whether the trial court has abused it's discretion an appellate court is to review the record in the light most favorable to the trial court's action. *Vaughn v. Texas Employment Comm'n*, 792 S.W.2d 139, 143 (Tex.App.—Houston [1st Dist.] 1990, no writ).

■ When the Court imposed the sanctions it did not state what specific discovery abuses it found. However, Appellant never requested findings of facts nor conclusions of law. Absent findings of fact or conclusion of law it is implied that the trial court made all necessary findings to support the judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex.1989).

Further, it is clear from the record that appellant did not comply with the trial court's order of April 19, 1990 instructing them to replead within five days. The trial court had granted special exceptions by Houston Cellular and ordered Appellant to replead. Cellular Marketing continually made representations to the Court that it's amended answer would be forthcoming, yet twenty-one days later it still was not filed. Further, the Court could have found at the hearing on May 14, 1990 that Cellular Marketing had not in fact produced all the requested discovery in their possession.[2]

---

**2.** Houston Cellular listed specific documents which were still missing as of May 14, 1990.

Such documents included 1987 information on corporate compensation to Larry Shaefer. Cel-

In *TransAmerican Natural Gas v. Powell,* 811 S.W.2d 913 (Tex.1991), the Supreme Court held that a court must consider the availability of less stringent sanctions. The record on appeal indicates that the trial judge was extremely lenient with the Appellant. On May 7, 1990, seven days before trial, the Court considered continuing the case again and appointing a master. It stated:

"Let me point something out. I have been doing everything possible to keep a trial date for you all.... I don't think [Cellular Marketing] is entitled to anything until such time as they answer.... But by the same token I don't intend to foreclose this case by simply saying ... grant default judgment ... for the plaintiff.... If y'all can't get together on what you are going to ask various people or whoever's depositions are going to be taken.... [and] until I see [Cellular Marketing's] answer ... I don't think I am in a position to do anything."

The Court heard the arguments and excuses of both sides in this discovery dispute on April 17, April 18, April 19, May 2, May 7, May 11, and May 14, 1990. On more than one occasion the Court ordered Cellular Marketing to produce the discovery requested by Houston Cellular and to amend its answer.[3] Cellular Marketing failed to comply with any of the Court's orders. The only justification Cellular Marketing gave for its lack of diligence was that the case seemed to be "continually changing." Appellant's response was not a valid justification. When an offending party files late and incomplete responses to discovery and violates court orders, giving no justification for its lack of diligence, the trial court may strike that party's pleadings. *Koslow's v. Mackie,* 796 S.W.2d 700, 704 (Tex.1990). Multiple violations of the discovery rule

and court orders may authorize the imposition of a default judgment even when the offending party offers justifications and excuses. *Id.*

However, "sanctions which are so severe as to preclude presentation of the merits of the case should not be assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities of discovery under the rules." *TransAmerican.* Cellular Marketing's failure to amend its answer despite a direct court order to do so, and its failure to fully produce discovery after six requests by Houston Cellular and several court orders, can be viewed as either flagrant bad faith or callous disregard. The Court noted on May 14, 1990 that Cellular Marketing had been completely "destroying the rules of discovery."

Due process requires that a party be given reasonable notice of a hearing on motions for sanctions. *Allied Chemical Co. v. DeHaven,* 824 S.W.2d 257, 262 (Tex. App.—Houston [14th Dist.] 1992, no writ). On April 17, 1990, Houston Cellular indicated to Cellular Marketing and the Court that it was considering a Motion to Compel. There were five court hearings between April 17, 1990 and May 14, 1990. On May 11, 1990, Houston Cellular requested that the Court set a date for a hearing on its Motion to Compel and for Sanctions; that hearing was held on May 14, 1990. During that hearing the Court allowed both sides to fully present their case on the discovery dispute. Finally, on September 28, 1990, the Court allowed Cellular Marketing to come forward with its Motion for Rehearing, and again allowed Cellular Marketing to fully present its case. Cellular Marketing was given notice and fair opportunity to respond.

---

lular Marketing had stated under oath on May 7, 1990 that this information, and all information that they could find had been produced. Further, Cellular Marketing never filed a written response to the request for productions, as required by TEX.R.CIV.P. 167.

**3.** On April 17, the Court indicated that it was relying on Cellular Marketing's promise to produce information in two days.

On April 19, the Court ordered Cellular Marketing to amend its answer within five days. On May 2, the Court ordered Cellular Marketing to produce all discovery by May 4. On May 7, the Court granted Houston Cellular's Motion to Quash and indicated the deposition would not go forward until Cellular Marketing produced the discovery. Cellular Marketing violated each order.

A trial court should only strike a party's pleadings for discovery abuses in severe cases where repeated requests and warnings from the court go unheeded. Unfortunately, that is the case before us. Cellular Marketing totally refused to fully comply with discovery in spite of numerous requests and court orders. Cellular Marketing provided no clear explanation as to why it could not produce the requested discovery or amend its answer. The fault was apparently shared by the party and by the attorney. After numerous hearings and violations the Court exercised it's discretion and struck the defendant's pleadings. Appellant's point of error is overruled and the judgment of the trial court is affirmed.