Silvia CANTU, Appellant,

v.

David MARTIN, et al., Appellees.

No. 13–95–463–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 14, 1996.

**860**

Randy Mack, Corpus Christi, for appellant.

Carol Estes Bray, Assistant City Attorney, Corpus Christi, for appellee.

Before SEERDEN, C.J., and DORSEY and CHAVEZ, JJ.

## OPINION

SEERDEN, Chief Justice.

Silvia Cantu, appellant, sued Police Officer David Martin for damages she claimed resulted from Martin forcing her to perform oral sex. A settlement agreement was reached and an agreed judgment was signed and entered against Martin on June 29, 1995. When appellant subsequently amended her pleadings to add the city of Corpus Christi and the Corpus Christi Police Department under the same cause number, the City and the Police (appellees) filed a "Motion to Strike Pleadings and Dismiss Defendants." Appellant then timely filed a motion for new trial, motion for leave to amend, and a motion to amend the final judgment. The trial court denied appellant's motions, granted appellees' motion to strike, and dismissed the defendants. In three points of error, appellant argues that the trial court erred in denying her motions and in granting the city's motion to dismiss. Finding no abuse of discretion on the part of the trial court, we affirm.

In appellant's first two points of error, she complains that the trial court erred in denying her motion to amend her pleadings and in granting appellees' motion to dismiss. We note at the outset that the trial court is given a great deal of discretion in matters of joinder, and its decision on such procedural issues will not be disturbed on appeal absent abuse of discretion. *Allison v. Arkansas Louisiana Gas Co.*, 624 S.W.2d 566, 568 (Tex.1981); *Varme v. Gordon*, 881 S.W.2d 877, 882 (Tex.App.—Houston [14th Dist.] 1994, writ denied). In determining whether the trial court abused its discretion, we review the record in the light most favorable to the trial court's actions. *Varme*, 881 S.W.2d at 882; *Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 838 S.W.2d 331, 333 (Tex.App.—Houston [14th Dist.] 1992, writ denied). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). In other words, if we are able to find any authority to support the trial court's actions, we may conclude that the court did not abuse its discretion. *Varme*, 881 S.W 2d at 882.

In the case at hand, appellant attempted to file an amended pleading in a case where a judgment had been rendered four days earlier. We have previously held that after judgment is rendered, it is too late to amend, whether by a trial amendment or an amendment complete in itself. *Boarder to Boarder Trucking v. Mondi*, 831 S.W.2d 495, 499 (Tex.App.—Corpus Christi 1992, no writ). In that case we stated:

> While we recognize that courts are very liberal in permitting amendments to pleadings, we fail to find where they have gone to the extent that was attempted in this case. There should be a time in the trial of the cause when amendments to the pleadings should end, and it seems to us that time is after judgment has been rendered in a cause.

*Id.* Accordingly, in the case at hand, not only did the trial court not abuse its discretion in denying the amendment, it would

have been an abuse of discretion if the trial court had granted the amendment.

■ Furthermore, the amendments proposed by appellant were more than an attempt to conform the pleadings to the evidence. Rather, these amendments, asserting new allegations against new parties, amounted to a substantive change in the nature of the case. Consequently, we hold that the trial judge, without regard to whether, as a matter of law, he could have done something different, did not abuse his discretion in denying the addition of new parties to a case which had been completed. *See Chapin & Chapin, Inc. v. Texas Sand & Gravel Co.,* 844 S.W.2d 664, 665 (Tex.1992); *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939 (Tex.1990); *Hardin v. Hardin,* 597 S.W.2d 347, 350 (Tex.1980).

■ With regard to the trial court's decision to grant appellees' motion to strike and motion to dismiss, we find several rules of procedure to be dispositive. Rule 37 specifically states, in relevant part, that parties may be brought in *"before a case is called for trial ... but not at a time or in a manner to unreasonably delay the trial of the case."* TEX.R. CIV. P. 37 (emphasis added). Rule 41 begins "misjoinder of parties is not grounds for dismissal," but it goes on to add that: "Parties may be dropped or added, ... by order of the court on motion of any party or on its own initiative at any stage of the action, *before the time of submission to the jury or to the court if trial is without a jury,* on such terms as are just." TEX.R. CIV. P. 41 (emphasis added). Thus, these rules, on their face, prohibit the joinder of a party at a time after a final judgment has been rendered.

Therefore, according to the law applicable to the facts of this case, we hold that the trial court did not abuse its discretion in denying appellant's motion for leave to amend and granting appellees' motion to dismiss. Accordingly, points of error one and two are overruled.

■ In her third point of error, appellant claims that the trial court erred in denying her motion for new trial. The decision of the court as to whether to grant a new trial is an exercise of the trial court's judicial discretion and will not be overturned on appeal in the absence of an abuse of discretion. *Thomas v. Oldham,* 895 S.W.2d 352, 356 (Tex.1995); *Champion Int'l Corp. v. Twelfth Court of Appeals,* 762 S.W.2d 898, 899 (Tex.1988); *Gilgon, Inc. v. Hart,* 893 S.W.2d 562, 569 (Tex.App.—Corpus Christi 1994, writ denied).

Appellant argues that the motion for new trial should be granted because the interests of justice so require. Appellant argues that her claim against appellees will be barred by the statute of limitations unless the motion is granted.

■ The purpose of a new trial is to correct trial errors. *In re Pecht,* 874 S.W.2d 797, 803 (Tex.App.—Texarkana 1994, no writ); *Mushinski v. Mushinski,* 621 S.W.2d 669, 670 (Tex.Civ.App.—Waco 1981, no writ). Appellant does not show, nor do we find, any error requiring correction. Accordingly, it was not an abuse of discretion for the trial court to deny appellant's motion for new trial. Appellant's third point of error is overruled.

Having overruled all three points of error, the judgment of the trial court is affirmed.