In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00123-CV


______________________________




DENNIS JOSLIN AND JANE JOSLIN, Appellants



V.



CHARLES RAY FERRELL, COMMERCIAL DISPOSAL


SERVICE, INC., AND JOHN HEILMAN, Appellees




 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. CV33133




 




Before Cornelius, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Dennis Joslin and Jane Joslin appeal the jury's verdict in their suit for negligence
against Charles Ferrell, Commercial Disposal Service, Inc., and John Heilman (Appellees). 
The Joslins sued the Appellees for injuries sustained by Dennis when his motorcycle
collided with a tractor trailer owned by Commercial Disposal and driven by Ferrell while
making a right turn onto property owned by Heilman. The Joslins appeal the jury's verdict
finding none of the Appellees negligent. 

 The Joslins complained Ferrell operated his vehicle negligently while in the course
and scope of his employment for Commercial Disposal. They sued Heilman, the owner
of Commercial Disposal and the property onto which Ferrell was turning, contending he
was negligent because he knew or should have known that a tractor trailer could not safely,
reasonably, and prudently execute a right turn off Highway 19 onto his property.

 The points of error now asserted are: 1) the trial court abused its discretion by
denying the Joslins' motion for new trial; 2) the jury's findings that the Appellees were not
negligent are legally insufficient; and 3) the jury's findings are factually insufficient.

 On February 21, 2000, Dennis collided with Ferrell's tractor trailer while Ferrell was
making a right turn onto Heilman's property off Highway 19, in Hopkins County. The
driveway where Ferrell was turning is approximately 1,200 to 1,500 feet north from the
crest of a hill. Ferrell was traveling north and testified he checked his mirrors as he
climbed the hill and saw a car behind him, but never saw the motorcycle. In order to
execute his "wide right" turn, he turned on his turn signal, slowed his tractor trailer, moved
into the southbound oncoming lane of traffic, and then turned his cab right, across the
northbound lane of traffic. Dennis' motorcycle collided with Ferrell's tractor trailer in the
northbound lane, just behind the tractor cab on the passenger's side. Ferrell saw Dennis
through his passenger's window as he was making the turn, just before the collision. 
Dennis contends that, because Ferrell did not check his mirrors just before turning right,
he failed to keep a proper lookout. 

 We first address the Joslins' second point of error contending the jury's findings that
the Appellees were not negligent are legally insufficient. The charge submitted in this case
instructed the jury on ordinary negligence. The first question asked: "Did the negligence,
if any, of those named below proximately cause the occurrence in question?" The term
"negligence" was defined as follows: 

 "Negligence" means failure to use ordinary care, that is, failing to do that
which a person of ordinary prudence would have done under the same or
similar circumstances or doing that which a person of ordinary prudence
would not have done under the same or similar circumstances. 

The jury answered the question "No" as to Ferrell, Heilman, and Commercial Disposal, and
"Yes" as to Dennis.

 The Joslins complain the trial court erred in submitting the issue of the Appellees'
negligence without a negligence per se instruction. However, they waived this complaint
by failing to object to the jury charge. When asked if the plaintiffs had any objections to
the jury charge, the Joslins responded, "No objections, Your Honor." See Tex. R. App. P.
33. When no objection is made to a jury instruction, we review the sufficiency of the
evidence in light of the charge submitted. City of Fort Worth v. Zimlich, 29 S.W.3d 62, 71
(Tex. 2000); see Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex. 2001).

 We now determine, in light of the charge submitted, if the Joslins proved their case
as a matter of law. Although the Joslins couch their point of error in terms of legal
sufficiency, we must determine if they established the Appellees' negligence as a matter
of law. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). When the party
attacking the legal sufficiency of an adverse finding on an issue on which the party has the
burden of proof, the party must demonstrate on appeal that the evidence establishes, as
a matter of law, all vital facts in support of the issue. Id.; see Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, the reviewing
court must first examine the record for evidence that supports the finding, while ignoring
all evidence to the contrary. Dow Chem Co., 46 S.W.3d at 241. If there is no evidence to
support the finding, the reviewing court will then examine the entire record to see if the
contrary proposition is established as a matter of law. Id. 

 In this case, we determine if there is evidence to support the jury's finding that the
Appellees were not negligent in causing the collision. The evidence is that, as Ferrell
ascended the hill, he checked his rearview mirrors and saw no motorcycle, only a car. Just
past the crest in the hill, about 1,200 feet from the property entrance, Ferrell engaged his
turn signal, moved his truck across the center line, slowed to about three to four miles per
hour, and turned his truck right, across the northbound lane of traffic. Ferrell's testimony
indicates at the point he turned right, his truck was "middle ways of the yellow line." At the
time of the accident, the truck blocked both lanes of traffic. 

 The only support to which the Joslins direct this Court regarding Ferrell's negligence
is their contention he violated two Transportation Code statutes. See Tex. Transp. Code
Ann. §§ 545.051, 545.103 (Vernon 1999). Because the Joslins failed to request a jury
submission regarding these statutes, we do not consider them. Apart from these alleged
statutory violations, the Joslins have not directed this Court to any evidence of Ferrell's
negligence or to any evidence regarding Heilman's negligence. 

 On the other hand, the Appellees point to the deposition testimony of their expert,
Ronald Bredemeyer, that Ferrell executed his right turn using good driving practice. This
is some evidence to support the jury's verdict. We find the jury's verdict on the issue of
negligence regarding the Appellees legally sufficient.

 In their third point, the Joslins contend the jury's findings are factually insufficient. 
When a party attacks the factual sufficiency of an adverse finding on an issue on which the
party has the burden of proof, the party must demonstrate on appeal that the adverse
finding is against the great weight and preponderance of the evidence. Dow Chem. Co.,
46 S.W.3d at 242. We must consider and weigh all of the evidence, and can set aside a
verdict only if the evidence is so weak or if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Id.; see Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). In doing so, we must "detail the evidence
relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the
evidence in support of the verdict." Pool, 715 S.W.2d at 635.

 The Joslins complain the findings on the issues of negligence, proximate cause, and
damages are so against the great weight and preponderance of the evidence as to be
manifestly unjust. They contend the great weight and preponderance of the evidence
shows that Ferrell failed to keep a proper lookout when making his turn and that this failure
proximately caused the collision. Again, because the Joslins failed to request a jury
instruction regarding negligence per se or to object to the jury charge given, we review this
issue in light of the charge submitted. Zimlich, 29 S.W.3d at 71.

 The evidence on which the Joslins relied to show Ferrell's actions were negligent
is Ferrell's alleged violation of the two Transportation Code statutes mentioned above. As
already stated, because these statutes were not before the jury, we may not consider
them. The issue before the jury was one of ordinary negligence, not whether Ferrell
violated any statutes. The only other evidence on which the Joslins relied is Heilman's
testimony that the accident would not have occurred if Ferrell had not been turning. This
assertion, however, in no way shows Ferrell was negligent in the actions he took. The
jury's findings are factually sufficient.

 Having found the jury's negative findings regarding the Appellees' negligence not
against the great weight and preponderance of the evidence, we need not address the
Joslins' contention that Dennis was not contributorily negligent. This contention hinged on
our having found the jury's finding on the proximate cause question factually insufficient.

 The Joslins also contend the jury's finding of zero damages is against the great
weight and preponderance of the evidence because the Appellees' attorney stated during
his closing argument that Dennis was hurt and incurred approximately $250,000.00 in
damages. Because we find the jury properly found none of the Appellees negligent, this
point is moot.

 Finally, the Joslins contend in their first point of error the trial court abused its
discretion in denying their motion for new trial. Courts are given considerable discretion
to grant or deny motions for new trial, but this discretion is not without limits. Green v.
McAdams, 857 S.W.2d 816, 818 (Tex. App.-Houston [1st Dist.] 1993, no writ). The test
for abuse of discretion is not whether, in the opinion of the reviewing court the facts present
an appropriate case for the trial court's action; rather, it is a question of whether the court
acted without reference to any guiding rules or principles, and the mere fact that a trial
court may decide a matter within its discretionary authority differently than an appellate
judge does not demonstrate such an abuse. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).

 The Joslins contend the trial court abused its discretion in denying their motion for
new trial because the evidence was legally and factually insufficient to support the jury's
negative findings as to each of the Appellees. Having determined the evidence was both
legally and factually sufficient to support the jury's findings, we find the trial court did not
abuse its discretion. The purpose of a new trial is to correct trial errors. Cantu v. Martin,
934 S.W.2d 859, 861 (Tex. App.-Corpus Christi 1996, no writ). The Joslins failed to show
any errors that require correction. This point is overruled.

 We affirm the judgment.

 

 Donald R. Ross

 Justice


Date Submitted: April 4, 2002

Date Decided: April 26, 2002


Do Not Publish