Affirmed and Opinion filed June 27, 2002









Affirmed and Opinion filed June 27, 2002.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-01-00691-CV

____________

 

GARY WADE, Appellant

 

V.

 

FARMERS INSURANCE GROUP, Appellee

 



 

On
Appeal from the County Civil Court at Law No. 2

Harris County, Texas

Trial
Court Cause No. 741,999

 



 

O P I N I O N

Appellant Gary Wade challenges a take-nothing judgment the
trial court entered against him after striking his pleadings for discovery
abuses.  In a single issue, Wade contends
the trial court=s imposition of death-penalty sanctions constituted an abuse
of discretion.  We affirm.

I.  Factual And Procedural BAckground








Appellee Farmers Insurance Group issued a homeowner=s insurance policy to Wade. During
the policy period, Wade suffered substantial damage as a result of theft and
filed a claim with Farmers.  Farmers
denied the claim and Wade brought suit asserting, among other claims, breach of
contract.  Farmers served Wade with
interrogatories and requests for production and disclosure.  When Wade failed to respond to these
discovery requests, Farmers filed a motion to compel.  Wade failed to file a response to the motion.  On February 6, 2001, the trial court entered
an order directing Wade to provide complete discovery responses within thirty
days.  The trial court=s order included a warning to Wade
that Ain the event that Wade . . . fail[ed]
to fully and completely respond to the Requests for Discovery . . . all
pleadings filed by Wade . . . in this cause may be stricken.@ 
Wade did not comply with the trial court=s order.  Farmers then filed a motion asking the trial
court to strike Wade=s pleadings and enter judgment against him.  Again, Wade filed no response to Farmers= motion.  On March 28, 2001, the trial court struck
Wade=s pleadings and entered a
take-nothing judgment against him.  Wade
filed a motion for new trial and after notice and a hearing, the trial court
denied the motion.

II.  Issue Presented and Standard of Review

In his sole issue, Wade contends the trial court erred in
striking his pleadings and entering a take-nothing judgment against him.  We review the trial court=s discovery sanctions for an abuse of
discretion.  Bodnow Corp. v. City of
Hondo, 721 S.W.2d 839, 840 (Tex. 1986); Cellular Marketing, Inc. v.
Houston Cellular Telephone Co., 838 S.W.2d 331, 333 (Tex. App.CHouston [14th Dist.] 1992, writ
denied).  The
test for abuse of discretion is whether the trial court acted without reference
to any guiding rules and principles, or whether the act was arbitrary or
unreasonable.  Downer v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241B42 (Tex. 1985); see also White v. Bath, 825
S.W.2d 227, 229 (Tex. App.CHouston [14th Dist.] 1992, writ denied).  








In reviewing a sanctions order, we ordinarily look to the
trial court=s formal findings of fact.  McCain v. NME Hospitals, Inc., 856
S.W.2d 751, 756 (Tex. App.CDallas 1993, no writ). 
The purpose of a trial court making findings of fact to support its
imposition of sanctions is to aid appellate review, to assure judicial
deliberation, and to enhance the deterrent effect of the order.  Chrysler Corp. v. Blackmon, 841 S.W.2d
844, 852 (Tex. 1992). Thus, findings of fact in the discovery context should
not be treated like findings in nonjury trials. 
Id. (citing United States Fidelity & Guar. Co. v. Rossa,
830 S.W.2d 668, 672 (Tex. App.CWaco 1992, writ denied). 
On appeal, we are not limited to a review of the sufficiency of the
evidence to support the trial court=s findings.  Rossa, 830 S.W.2d at 672.  We review the entire record, including
arguments of counsel, written discovery on file, evidence presented to the
trial court, and the circumstances surrounding the alleged discovery abuse to
determine whether the court abused its discretion in imposing the
sanction.  Id.  In the absence of formal findings, we will
look to the trial court=s statement in the sanctions order.  Monroe v. Grider, 884 S.W.2d 811, 816
(Tex. App.CDallas 1994, writ denied).  

In TransAmerican Natural Gas Corp. v. Powell, the
Texas Supreme Court created a two‑prong analysis to determine if a
sanction is just.  811 S.W.2d 913, 9216
n.4 (Tex. 1991).  AFirst, a direct relationship must
exist between the offensive conduct and the sanction imposed.@ 
Id.  This means the
sanction must remedy the prejudice caused the innocent party and punish the
actual offender, whether that be the party or its counsel.  Id. 
This first prong also contemplates a showing by the moving party that it
is unable to prepare for trial without the requested discovery.  Chrysler, 841 S.W.2d at 850.  The second prong in determining if a sanction
is just is that the sanction must not be excessive.  TransAmerican, 811 S.W.2d at 917.  The Apunishment must fit the crime.@ 
Id.  Within the second
prong, trial courts must consider lesser sanctions before resorting to
death-penalty sanctions, for ultimate sanctions violate due process absent a
party=s flagrant bad faith or counsel=s callous disregard for the discovery
process.  Id. at 918.  A[D]iscovery sanctions cannot be used
to adjudicate the merits of a party=s claims or defenses unless a party=s hindrance of the discovery process
justifies a presumption that its claims or defenses lack merit.@ 
Id.   

We review the trial court=s actions in striking Wade=s pleadings using the factors set out in Transamerican
to determine whether the sanctions are just,  and by examining the entire record before
us to determine whether the trial court=s findings are supported by the
record.  See Transamerican, 811 S.W.2d at 917.








Before
proceeding with this analysis, however, we first address Farmers=
contention that because
Wade failed to file a response to either the motion to compel or the motion to
strike, he has waived his right to complain of the trial court=s ruling.  To preserve any error for appellate review,
Wade had to present his complaint to the trial court by a motion to amend or
correct the judgment, a motion for new trial, or some other similar method.  See Tex.
R. App. P. 33.1; Willis v. Willis, 826 S.W.2d 700, 202 (Tex. App.CHouston [14th Dist.] 1992, no
writ).  Wade filed a timely motion for
new trial, challenging the trial court=s order striking his pleadings and
entering judgment against him.  Thus,
Wade has preserved his complaint for appellate review.  See Hall v. Lone Star Gas Co., 954
S.W.2d 174, 177 (Tex. App.CAustin 1997, pet. denied); Thomas v. Thomas, 917
S.W.2d 425, 433 (Tex. App.CWaco 1996, no writ) (party against whom sanctions were
imposed preserved error by filing motion for new trial).

III.  Analysis of TransAmerican
Factors

 

We
now examine the entire record in light of the Transamerican test to
determine whether the trial court abused its discretion in striking Wade=s
pleadings.

A.  Sanction must bear direct relationship to the
offensive conduct.

The
first prong of Transamerican requires a direct relationship between the
offensive conduct and the sanctions imposed.  811 S.W.2d at 917.  The sanction must remedy the prejudice caused
the innocent party and punish the actual offender, whether that be the party or
its counsel.  Id.  This first prong also contemplates a showing
by the movant that it is unable to prepare for trial without the requested
discovery.  Chrysler, 841 S.W.2d
at 850.













In
this case, the obvious prejudice to Farmers from Wade=s
failure to answer discovery was the inability to properly evaluate Wade=s
claims and prepare for trial.  Wade
contends that he should not have been punished for his failure to comply with
Farmers=
discovery requests because there is no evidence that he actually had the
documents in his possession at the time the request was made.  In support of this contention, Wade relies on
this court=s opinion in Butan Valley v. Smith,
and argues that a non-responding party cannot be sanctioned for not producing
the documents when the record does not show that the requesting party produced
any evidence to show that the documents existed and were in the non-responding
party=s
possession at the time the request was made. 
921 S.W.2d 822 (Tex. App.CHouston [14th Dist. 1996, no
writ).  Butan Valley is factually
distinguishable from this case.  In that
case, Butan Valley, a foreign corporation, hired Smith to represent it in a
lawsuit.  Id.  Smith later withdrew as counsel and brought
suit against Butan Valley for, among other things, breach of contract. Id.  Smith then served Butan Valley with her first
request for production.  Unlike Wade,
Butan Valley responded to the discovery. 
See id.  However, Smith
maintained that Butan Valley did not fully respond and filed a motion to
compel.  Id.  The trial court granted the motion and ordered
Butan Valley to fully produce all documents within ten days to the extent any
such documents existed.  Id.  Butan Valley filed another response; although
late, the response stated Butan Valley already had produced all the documents
that it had in its possession.  Id.   Smith then filed a motion to strike based on
Butan Valley=s failure to produce the
documents.  After a hearing, the trial
court granted Smith=s motion to strike and entered
judgment against Butan Valley.  Id.  Butan Valley responded timely to most other
discovery requests and filed a motion for rehearing claiming that it had
responded to all other discovery requests to the best of its ability.  See id. 
This court reversed the trial court=s judgment, holding that (1) the
trial court abused its discretion in entering death-penalty sanctions based on
the failure to produce documents because Smith failed to satisfy its burden
that the documents existed; and (2) the death-penalty sanctions were excessive
because the trial court failed to first consider a form of lesser
sanctions.  Id.      A
party cannot be sanctioned for failing to produce documents when there is no
evidence that they exist.  Chrysler
Corp., 841 S.W.2d at 850; see also Shamrock Oil Co. v. 
Gulf Coast Natural Gas, Inc., 68 S.W.3d 737, 739 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied) (stating that because no affidavit or testimony was submitted in
support of motion to strike, there was no evidence to show what documents were
missing).  Because Farmers was the party seeking
sanctions, it was its duty to prove the documents existed.  See Global Services, Inc. v. Bianchi,
901 S.W.2d 934, 937 (Tex. 1995); GTE Communications Systems Corp. v. Tanner,
856 S.W.2d 725, 729 (Tex. 1993). 
However, it is Wade=s burden to produce a sufficient
record showing the lack of evidence or error by the trial court.  See Walker v. Packer, 827 S.W.2d 833,
837 (Tex. 1992) (holding that without the statement of facts from the
evidentiary hearing on the movant=s motion to compel production, the
reviewing court could not determine on what basis the trial judge and the
special master reached their conclusions); Youngs v. Choice, 868 S.W.2d
850, 853 (Tex. App.CHouston [14th Dist.] 1994, writ
denied) (holding that a sufficient record must be brought forward to
affirmatively show the error committed by the trial court in imposing
sanctions); Johnson v. Whitney Sand and Gravel, Inc., 828 S.W.2d
801, 804 (Tex. App.CWaco 1992, no writ) (holding that a
sufficient record is necessary to show that the court abused its discretion in
imposing death-penalty sanctions); Adams v. Sadler, 696 S.W.2d
690, 692 (Tex. App.CAustin 1985, writ ref=d
n.r.e) (holding that Ato obtain a reversal of a judgment,
the appellant must bring up a record that affirmatively shows harmful error was
committed@). 
Wade failed to appear at the sanctions hearing, failed to bring forward
to this court a record of that hearing, and, most significantly, deliberately
failed to respond to discovery requests after being instructed to do so.  At the hearing, it is entirely possible that
Farmers brought forth evidence that the alleged documents existed and were in Wade=s
possession.  

A
little more than a week before the scheduled sanctions hearing, Wade filed a
motion to continue the sanctions hearing. 
This motion for continuance is not in the record.  The trial court denied the continuance, Wade
failed to appear at the hearing, and, as a result, the trial court entered
judgment against him.   The trial court
imposed sanctions only after Wade failed to heed several warnings.  Apparently, based on the testimony at the
hearing on the motion to strike Wade=s pleading, the trial court found
enough evidence that Wade engaged in repeated discovery abuse to strike his
pleadings.  See Bormaster v. Henderson,
624 S.W.2d 655, 659 (Tex. App.CHouston [14th Dist.] 1981, no writ)
(holding that when sitting as trier of fact, judges may believe all, part, or
none of the testimony).








Because
Wade failed to carry his burden of providing this court with a sufficient
record, we cannot hold that Farmers failed to carry its burden to show
sanctions were warranted.  See Tex. R. Civ. P. 192.3(b) (stating that a person is required
to produce a document that is within the person=s possession).  The record reveals a direct relationship
between the abusive conduct and the discovery sanctions, and because Wade
failed to produce a sufficient record to show otherwise, the death-penalty
sanctions based on this alleged abuse meet the first prong of TransAmerican.

                          B.  Sanction must not be excessive.

The
second Transamerican factor requires that the sanction not be
excessive.  The three elements to
consider in determining whether a sanction is excessive are (1) whether the
court considered and/or tested lesser sanctions to see if lesser sanctions
would promote compliance and deterrence and discourage further abuse; (2)
whether the sanctions are no more severe than necessary to satisfy the
legitimate purposes of a sanction (i.e., to secure compliance, to deter others
and to punish); and (3) whether the party=s hindrance of the discovery process
justifies a presumption that its claims or defenses lack merit.  Butan Valley, N.V. v. Smith, 921 S.W.2d 822, 831 (Tex. App.CHouston [14th Dist.]
1996, no writ) (citing Chrysler Corp., 841 S.W.2d at 849; Transamerican,
811 S.W.2d at 917).

The
first and second elements of the second prong of TransAmerican require
the trial court to test lesser sanctions before striking a party=s
pleadings in order to determine whether they are adequate to secure the
compliance of the offender, and that sanctions should be no more severe than
necessary to satisfy the legitimate purposes of sanctions for discovery
abuse.  The record supports the trial
court=s
finding that lesser sanctions would not have promoted compliance or have been a
more fitting punishment for Wade=s discovery abuse.  The trial court ordered Wade to produce the
requested documents and the record shows Wade did not respond even after being
informed of the possible consequences of non-compliance.








Texas
courts have recognized a distinction between a mere order to compel without
a warning and an order to compel with a warning.  Although a mere order to compel does not
constitute a lesser sanction, an order to compel that contains a warning that a
party=s
pleadings will be stricken if the party fails to comply has been held to
constitute a lesser sanction.  GTE
Mobilnet of South Texas, Ltd. P=ship v. Telecell Cellular, Inc., 955 S.W.2d
286, 298 (Tex. App.CHouston [1st Dist.] 1997, pet. denied) (acknowledging
prior holding in Andras v. Memorial Hosp. Sys., 888 S.W.2d 567, 572 (Tex. App.CHouston [1st Dist.]
1994, writ denied), that an order to compel coupled with language that
noncompliance will result in dismissal does constitute lesser sanction)); see
also Jaques v. Texas Employers= Ins. Ass=n, 816 S.W.2d
129, 131 (Tex. App.CHouston [1st Dist.] 1991, no writ) (holding that if a party
failed to comply with an order to compel discovery with the knowledge its
pleadings would be stricken for non-compliance, death-penalty sanctions would
be appropriate).








After
Wade failed to respond to the motion to compel, and prior to striking Wade=s
pleadings, the trial court issued an order compelling Wade to comply with the
discovery order and produce the documents requested within thirty days.  Wade contends an order compelling compliance,
even with a statement that noncompliance would result in dismissal, does not
constitute a lesser sanction within the meaning of Texas Rule of Civil
Procedure 215.  Wade again cites to Butan
Valley, in support of this contention. 
Although the order in Butan Valley had similar language to the
language contained in the order at issue, this court did not expressly hold
that an order with an admonishment is not enough, by itself, to show that the
trial court failed to consider lesser sanctions.  921 S.W.2d at 831.  Instead, this court found that the facts in
that case led to the conclusion that lesser sanctions would have provided a
punishment more fitting the offense and probably would have promoted
compliance.  Id.  Smith=s discovery request was for Butan
Valley to produce a certain witness for a second deposition.  Id. 
Butan Valley failed to comply with this request and the court then
entered a motion compelling Butan Valley Ato produce and make available for
deposition, Osama A.O. Alkasabi . . .@ 
Id.  Smith alleged that she
needed this deposition to explain Butan Valley=s malpractice counterclaim.  Id.  Butan Valley never produced Osama for a second
deposition, and the trial court, finding that Butan Valley had failed to comply
with the discovery order, struck Butan Valley=s pleadings and entered judgment for
Smith.  Id.  On appeal, this court disagreed with the trial
court and found that Butan Valley=s actions did not reflect a total
refusal to produce a certain witness for a deposition or comply with certain
discovery requests.  Id.  In fact, Butan Valley already had
produced Osama for one deposition, and in response to the motion for entry of
judgment, offered to make Osama available again, stating that it would fly him
in from Florida at its expense.  Id.  This court also found that because Smith=s
reason for taking the second deposition stemmed from the malpractice
counterclaim, filed after Osama=s first deposition, the trial court
could have let Butan Valley go to trial on all of its causes of action except
the malpractice claim.  Id. at
831.  Thus, this court ultimately held
that the facts did not warrant death-penalty sanctions because the trial court
had other options which would have promoted compliance.  Id.

Unlike
the conduct in Butan Valley, the conduct in this case is sufficient to
warrant death-penalty sanctions.  Wade
did not make any attempt to comply with the trial court=s
orders or attend the hearings, even after receiving a warning.  Because the first order contained a warning
to Wade that his pleadings might be stricken for failure to comply with the
order, and the record supports the trial court=s finding that lesser sanctions had been tested
before the trial court=s imposition of death-penalty sanctions, the first and second
elements of Transamerican=s second prong are satisfied.  See
GTE Mobilnet of South Texas, Ltd. P=ship, 955 S.W.2d
at 298.








The third element of the second prong states that a
death-penalty sanction should not be imposed unless the sanctioned party=s conduct justifies a presumption
that its claims lack merit or it would be unjust to permit the party to present
evidence regarding the substance of the position that is the subject of the
withheld discovery.  Transamerican,
811 S.W.2d at 918.  The discovery requested by Farmers was
materially related to the issues of Wade=s causes of actions for breach of the
duty of good faith and fair dealing, breach of contract, and violations of the Texas
Insurance Code.  Under his insurance
policy, Wade was required to notify the police in case of loss by theft,
provide the insurance company with all records and documents requested, and
submit to an examination under oath and sign and swear to it, in order to
recover for a loss to covered property caused by peril.  Wade failed to answer all interrogatories and
provide, as requested, all relevant records and documents pertaining to the
theft, including the police reports. 
Wade sought both actual and treble damages, but has not provided any
documents in support of these damages. 
Wade=s repeated failure to respond to
Farmers=
request supports the  presumption his
conduct was motivated by a desire to keep Farmers from learning about the true
nature and extent of his claims. This conduct justifies the presumption that his claims
lacked merit.  Because Wade=s deliberate hindrance of the
discovery process justifies the conclusion that his claims lacked merit,
dismissal of his claims did not violate his rights to due process.  See id. at 917.  Thus, the third element of Transamerican=s second prong has been satisfied.  

We hold the trial court did not
abuse its discretion in striking Wade=s
pleadings as a discovery sanction.  We
overrule Wade=s sole issue and affirm the trial court=s judgment.

 

 

 

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered
and Opinion filed June 27, 2002.

Panel consists of
Chief Justice Brister and Justices Anderson and Frost.

Do Not Publish C Tex.
R. App. P. 47.3(b).