In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00027-CV


______________________________





IN THE INTEREST OF K.J.W., A CHILD





 


On Appeal from the 62nd Judicial District Court


 Hopkins County, Texas


Trial Court No. CV36725




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Counsel for Amanda Shanks, the sole appellant in this case, has filed a motion seeking to
dismiss the appeal. In that motion, counsel informed this Court that, due to the accelerated nature
of parental rights termination cases, he filed a notice of appeal (along with other documents) in
anticipation that Shanks would request such an appeal after the deadline for filing the notice would
have passed. He further stated that, despite Shanks' being in contact with him before the trial and
having his contact numbers, Shanks had failed to contact him after the trial concluded. The
judgment was signed February 2, 2007. Counsel has informed this Court that Shanks never
requested that the case be appealed.

 Counsel sent a follow-up letter to Shanks by certified mail, return receipt requested, advising
her that her right of appeal had been protected and informing her that, if she wished the case
appealed, she needed to contact him. Although counsel remembers receiving the return receipt for
the letter, that card cannot now be located.

 Counsel again, on May 6, 2007, mailed letters to Shanks by certified mail, return receipt
requested, and by first-class mail, at her last known address. Those letters were both returned with
the notations "ATTEMPTED - NOT KNOWN" and "UNABLE TO FORWARD." 

 Counsel has attempted in a number of ways to protect Shanks' right of appeal, but she has
entirely failed, over a three-month period, to take any action with either court or counsel toward 
pursuing an appeal. 

 Based on the information provided to this Court, we conclude counsel's request is
appropriate. Therefore, we find that the motion should be granted. See Tex. R. App. P. 42.1.

 We dismiss the appeal.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 29, 2007

Date Decided: May 30, 2007




t,
he failed to keep a proper lookout. 

 We first address the Joslins' second point of error contending the jury's findings that
the Appellees were not negligent are legally insufficient. The charge submitted in this case
instructed the jury on ordinary negligence. The first question asked: "Did the negligence,
if any, of those named below proximately cause the occurrence in question?" The term
"negligence" was defined as follows: 

 "Negligence" means failure to use ordinary care, that is, failing to do that
which a person of ordinary prudence would have done under the same or
similar circumstances or doing that which a person of ordinary prudence
would not have done under the same or similar circumstances. 

The jury answered the question "No" as to Ferrell, Heilman, and Commercial Disposal, and
"Yes" as to Dennis.

 The Joslins complain the trial court erred in submitting the issue of the Appellees'
negligence without a negligence per se instruction. However, they waived this complaint
by failing to object to the jury charge. When asked if the plaintiffs had any objections to
the jury charge, the Joslins responded, "No objections, Your Honor." See Tex. R. App. P.
33. When no objection is made to a jury instruction, we review the sufficiency of the
evidence in light of the charge submitted. City of Fort Worth v. Zimlich, 29 S.W.3d 62, 71
(Tex. 2000); see Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex. 2001).

 We now determine, in light of the charge submitted, if the Joslins proved their case
as a matter of law. Although the Joslins couch their point of error in terms of legal
sufficiency, we must determine if they established the Appellees' negligence as a matter
of law. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). When the party
attacking the legal sufficiency of an adverse finding on an issue on which the party has the
burden of proof, the party must demonstrate on appeal that the evidence establishes, as
a matter of law, all vital facts in support of the issue. Id.; see Sterner v. Marathon Oil Co.,
767 S.W.2d 686, 690 (Tex. 1989). In reviewing a "matter of law" challenge, the reviewing
court must first examine the record for evidence that supports the finding, while ignoring
all evidence to the contrary. Dow Chem Co., 46 S.W.3d at 241. If there is no evidence to
support the finding, the reviewing court will then examine the entire record to see if the
contrary proposition is established as a matter of law. Id. 

 In this case, we determine if there is evidence to support the jury's finding that the
Appellees were not negligent in causing the collision. The evidence is that, as Ferrell
ascended the hill, he checked his rearview mirrors and saw no motorcycle, only a car. Just
past the crest in the hill, about 1,200 feet from the property entrance, Ferrell engaged his
turn signal, moved his truck across the center line, slowed to about three to four miles per
hour, and turned his truck right, across the northbound lane of traffic. Ferrell's testimony
indicates at the point he turned right, his truck was "middle ways of the yellow line." At the
time of the accident, the truck blocked both lanes of traffic. 

 The only support to which the Joslins direct this Court regarding Ferrell's negligence
is their contention he violated two Transportation Code statutes. See Tex. Transp. Code
Ann. §§ 545.051, 545.103 (Vernon 1999). Because the Joslins failed to request a jury
submission regarding these statutes, we do not consider them. Apart from these alleged
statutory violations, the Joslins have not directed this Court to any evidence of Ferrell's
negligence or to any evidence regarding Heilman's negligence. 

 The testimony clearly shows that Ferrell checked his mirrors before he began the
execution of his turn and that, during the course of his turn, his truck straddled the yellow
line blocking both lanes of traffic, but never fully left his lane of traffic. According to
Ferrell's testimony, he engaged his turn signal before he began moving his truck into his
turning position. He does not specify which signal he engaged, the right or the left. In a
motion for rehearing, the Joslins urge us to infer Ferrell engaged his left turn signal. 
However, in reviewing a no-evidence point, we review all the evidence in the light most
favorable to the prevailing party, indulging every reasonable inference in that party's favor. 
Associated Indem. Corp. v. CAT Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998);
Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc., 960 S.W.2d 41, 48 (Tex.
1998). Based on the evidence, the jury could have reasonably inferred Ferrell engaged
his right turn signal. Ferrell made a right turn, and although he moved his truck left, he
never completely left his lane of traffic. The Joslins admit that an inference Ferrell signaled
to the right is possible, but contend that, if he had engaged his right turn signal, it would
have disengaged by his moving left, so that by the time he turned right, his signal would
not have been on. However, this is speculation since there is no evidence in the record
showing when and how the turn signal in Ferrell's truck disengages. The jury was entitled
to infer that Ferrell turned on his right turn signal and that it remained on.

 The Joslins also contend the jury could not have found Ferrell properly executed his
right turn because his testimony shows that, after he moved his truck to the left, he failed
to check his mirrors immediately before executing his right turn. However, Ferrell testified 
he checked his mirrors before engaging his turn signal and before moving his truck to the
left, and that this was at a minimum of fifteen seconds before executing his right turn. 
Ronald Bredemeyer, the Appellees' expert witness, testified Ferrell executed his right turn
using good driving practice. The jury could reasonably believe that Ferrell's conduct in
executing the right turn was sufficient for proper clearance under the circumstances and
that he was not negligent in failing to check his mirrors again. 

 The Joslins complain there is no evidence to support Bredemeyer's opinion. 
However, there is some evidence Ferrell gave the proper turn signal and cleared before
executing his right turn. This evidence supports the expert's opinion, and we find it,
together with Bredemeyer's opinion, legally sufficient to support the jury's verdict that the
Appellees were not negligent.

 In their third point, the Joslins contend the jury's findings are factually insufficient. 
When a party attacks the factual sufficiency of an adverse finding on an issue on which the
party has the burden of proof, the party must demonstrate on appeal that the adverse
finding is against the great weight and preponderance of the evidence. Dow Chem. Co.,
46 S.W.3d at 242. We must consider and weigh all of the evidence, and can set aside a
verdict only if the evidence is so weak or if the finding is so against the great weight and
preponderance of the evidence that it is clearly wrong and unjust. Id.; see Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986). In doing so, we must "detail the evidence
relevant to the issue" and "state in what regard the contrary evidence greatly outweighs the
evidence in support of the verdict." Pool, 715 S.W.2d at 635.

 The Joslins complain the findings on the issues of negligence, proximate cause, and
damages are so against the great weight and preponderance of the evidence as to be
manifestly unjust. They contend the great weight and preponderance of the evidence
shows that Ferrell failed to keep a proper lookout when making his turn and that this failure
proximately caused the collision. Again, because the Joslins failed to request a jury
instruction regarding negligence per se or to object to the jury charge given, we review this
issue in light of the charge submitted. Zimlich, 29 S.W.3d at 71.

 The evidence on which the Joslins relied to show Ferrell's actions were negligent
is Ferrell's alleged violation of the two Transportation Code statutes mentioned above. As
already stated, because these statutes were not before the jury, we may not consider
them. The issue before the jury was one of ordinary negligence, not whether Ferrell
violated any statutes. The only other evidence on which the Joslins relied is Heilman's
testimony that the accident would not have occurred if Ferrell had not been turning. This
assertion, however, in no way shows Ferrell was negligent in the actions he took. The
jury's findings are factually sufficient.

 Having found the jury's negative findings regarding the Appellees' negligence not
against the great weight and preponderance of the evidence, we need not address the
Joslins' contention that Dennis was not contributorily negligent. This contention hinged on
our having found the jury's finding on the proximate cause question factually insufficient.

 The Joslins also contend the jury's finding of zero damages is against the great
weight and preponderance of the evidence because the Appellees' attorney stated during
his closing argument that Dennis was hurt and incurred approximately $250,000.00 in
damages. Because we find the jury properly found none of the Appellees negligent, this
point is moot.

 Finally, the Joslins contend in their first point of error the trial court abused its
discretion in denying their motion for new trial. Courts are given considerable discretion
to grant or deny motions for new trial, but this discretion is not without limits. Green v.
McAdams, 857 S.W.2d 816, 818 (Tex. App.-Houston [1st Dist.] 1993, no writ). The test
for abuse of discretion is not whether, in the opinion of the reviewing court the facts present
an appropriate case for the trial court's action; rather, it is a question of whether the court
acted without reference to any guiding rules or principles, and the mere fact that a trial
court may decide a matter within its discretionary authority differently than an appellate
judge does not demonstrate such an abuse. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).

 The Joslins contend the trial court abused its discretion in denying their motion for
new trial because the evidence was legally and factually insufficient to support the jury's
negative findings as to each of the Appellees. Having determined the evidence was both
legally and factually sufficient to support the jury's findings, we find the trial court did not
abuse its discretion. The purpose of a new trial is to correct trial errors. Cantu v. Martin,
934 S.W.2d 859, 861 (Tex. App.-Corpus Christi 1996, no writ). The Joslins failed to show
any errors that require correction. This point is overruled.

 We affirm the judgment.

 

 Donald R. Ross

 Justice


Date Submitted: April 4, 2002

Date Decided: May 23, 2002


Do Not Publish