COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Ahmad Yazdchi and Ali Yazdchi v. Wells Fargo and ETC

Appellate case number:    01-21-00268-CV

Trial court case number:  2015-11585

Trial court:                      215th District Court of Harris County

This appeal originates from a lawsuit filed by Ali Yazdchi on January 13, 2021. Ali Yazdchi has been adjudicated a vexatious litigant in this trial court cause number. Therefore, if he attempts to file an appeal pro se, he must obtain permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE § 11.103.

Although the trial court signed a final judgment on December 14, 2020. On January 13, 2021, a purported new party, Ahmad Yazdchi, attempted to file an amended original petition alleging similar claims against Wells Fargo as those raised by Ali Yazdchi. But, the trial court had already signed a final judgment in this case. Once "judgment is rendered, it is too late to amend [pleadings], whether by a trial amendment or an amendment complete in itself." *See Cantu v. Martin*, 934 S.W.2d 859, 860 (Tex. App.—Corpus Christi 1996, no pet.). Merely by filing an "amended" petition after judgment had been signed, the new party, Ahmad Yazdchi, did not become a party to the case in which the trial court had already issued judgment. *See Leach v. Brown*, 292 S.W.2d 329, 331 (Tex. 1956); *Camarena v. City of Weslaco*, No. 13-17-00243-CV, 2018 WL 4143764, at *2 (Tex. App.—Corpus Christi–Edinburgh Aug. 30, 2018, no pet.). And the trial court issued an order on February 22, 2021, striking the amended petition and severed the claims of Ali Yazdchi into a separate cause of action.

Ali Yazdchi filed a motion for new trial on January 12, 2021 extending the deadline for 90 days from the date the judgment was signed. Ali also filed a motion for new trial on March 24, 2021, challenging the trial court's February 22, 2021 order striking Ahmad's amended pleading.

The deadline for filing a notice of appeal runs from the date the trial court signs a final judgment, not a post-judgment order. *See* TEX. R. APP. P. 26.1. Ali's counsel filed a notice of appeal on Ali's behalf on May 21, 2021. However, on October 19, 2021, the Court received a suggestion of death from Mynde S. Eisen notifying the Court that attorney Michael C. O'Connor, who filed the notice of appeal in this case, died on September 13, 2021. Since the filing of the notice of appeal, all subsequent documents filed in this appeal have been filed by Ali pro se. Section 11.103 requires a pro se appellant who has been adjudicated a vexatious litigant to provide

the appellate court with proof of permission to appeal from the local administrative judge, and because it appears that Ali is now pursuing this appeal pro se, the Court intends to dismiss this appeal for lack of jurisdiction unless appellant Ali Yazdchi provides this Court with proof of permission to appeal from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE § 11.103.

Moreover, Ali Yazdchi's notice of appeal appears to be untimely filed. The 90th day after the judgment was signed on December 14, 2020 was Monday, March 15, 2021. Because Ali did not file a notice of appeal until May 21, 2021, the notice of appeal is untimely. **The Court intends to dismiss Ali's appeal unless he demonstrates by filing a response that he obtained permission to appeal from the local administrative judge and that his notice of appeal is timely, giving this Court jurisdiction over his appeal. Ali's response is due to be filed within 10 days of the date of this order.**

As for appellant Ahmad Yazdchi, he filed a pro se motion for new trial on March 24, 2021, challenging the trial court's February 22, 2021 order striking his amended pleading. He then filed a pro se notice of appeal on May 21, 2021, challenging the trial court's February 22, 2021 order. An order striking a post-judgment pleading does not appear to be an independently appealable order. Ahmad Yazdchi was not a party to the trial court's December 14, 2021 judgment and has no standing to appeal that judgment. *See In re ROC*, No. 04-01-00404-CV, 2002 WL 1906028, at *1 (Tex. App.—San Antonio Aug. 21, 2002, no pet.) (dismissing appeal in part because appellants not named as plaintiffs in any live pleading before judgment entered had no standing to appeal). **Thus, the Court intends to dismiss Ahmad's appeal unless he files a response within 10 days of the date of this order, establishing that this Court has jurisdiction over his appeal from the February 22, 2021 order.**

It is so ORDERED.


Judge's signature: ___/s/ Peter Kelly_____
                ☑ Acting individually


Date: <u>December 13, 2022</u>