**In the Matter of Jon Grafton HAWK, Sr., Deceased.**

**No. 14–97–01206–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 28, 1999.

---

32. *Id.*

33. *Id.*

Timothy A. Hootman, Houston, John E. Russo, Spring, for appellants.

Jim Wiginton, Alvin, for appellees.

Panel consists of Justices FOWLER, EDELMAN and FROST.

## OPINION

FROST, Justice.

The issues presented in this appeal arise out of a will contest tried to the court, but are purely procedural in nature. The appellant, Linda Hawk, essentially complains that the trial court used the wrong procedural vehicle to grant her request to supplement the record with an inadvertently omitted audio cassette tape, arguing that the court should have granted this relief through her motion to reopen the evidence instead of by granting her motion for new trial for that limited purpose. She raises the following procedural issues, all of which relate to the trial court's decision to

admit the omitted cassette tape into evidence after she had closed her case:

(1) whether the trial court erred in denying the appellant's motion to reopen the evidence under Texas Rule of Civil Procedure 270;

(2) whether the trial court erred in ruling that the appellant's motion for new trial was granted "for the limited purpose" of admitting the cassette tape; and

(3) whether the trial court erred in not allowing the appellant to have a new trial.

### FACTUAL AND PROCEDURAL BACKGROUND

Jon Grafton Hawk, Sr.("Jon, Sr.") died in 1996, leaving a wife, Thelma Hawk ("Thelma") and four adult children, Jon Grafton Hawk, Jr. ("Jon, Jr."), William Fred Hawk ("Bill"), Linda Marie Hawk ("Linda") and Grace Virginia Hawk ("Jenny"). Thelma, the appellee, filed an application for probate of a will that Jon, Sr. had signed in 1993. Linda opposed Thelma's application to probate the 1993 will on the stated grounds that Jon, Sr. had made a more current, handwritten will shortly before he died. Linda, however, did not produce an original or a copy of any handwritten will.

At the bench trial, Linda offered into evidence several audio tape recordings of conversations she had with some of her siblings relating to the purported handwritten will made the subject of her claims. The trial court originally sustained Thelma's objections to the tape recordings and refused to admit them into evidence; however, after further discourse concerning the admissibility of the tapes, the trial court took the matter under advisement and eventually admitted the tapes into evidence. After both sides rested, but before the trial court ruled on the admissibility of the tapes, Linda realized that as a result of a mix up at her home, one of the tapes she had offered into evidence was a tape of

some other, unrelated matter. Before the trial court ruled on the admissibility of the tapes, Linda filed a motion to reopen the evidence to allow her to substitute the tape she had left out for the irrelevant one she had offered by mistake. The trial court denied Linda's motion to reopen.

At the close of the case, the court entered an order in Thelma's favor, admitting the 1993 will to probate. Linda then filed a motion for new trial in which she argued that the trial court had erred by refusing to allow her to reopen the evidence in order to exchange the tape. *The tape exchange is the only ground Linda cited in her motion requesting a new trial.* At Linda's urging, the trial court vacated the order admitting the 1993 will to probate so that she could exchange the missing tape for the one she had mistakenly offered during the course of the trial. In granting this relief, the court signed an order granting a new trial *"for the limited purposed of introducing the ... cassette tape ... into evidence."* [1] In the same order, the trial court vacated the order admitting the 1993 will to probate. The trial court later entered another order admitting the 1993 will to probate. Linda then filed a second motion for new trial claiming that inasmuch as the trial court had granted her previous motion for new trial, it must allow a new trial to go forward. The trial court overruled Linda's second motion for new trial.

### TRIAL COURT'S DENIAL OF MOTION TO REOPEN UNDER RULE 270

In her first issue for review, Linda contends the trial court erred in denying her motion to reopen the evidence under Texas Rule of Civil Procedure 270. Under Rule 270, "[w]hen it clearly appears to be necessary to the due administration of justice, the court may permit additional evidence to be offered *at any time.*" TEX.R. CIV. P. 270 (emphasis added). The decision to grant or deny a motion to reopen is within the sound discretion of

---

1. Emphasis added.

the trial court. *See In re A.F.*, 895 S.W.2d 481, 484 (Tex.App.—Austin 1995, no writ) (citing *Word of Faith World Outreach Ctr. Church v. Oechsner*, 669 S.W.2d 364, 367 (Tex.App.—Dallas 1984, no writ)). In deciding whether to exercise its discretion and reopen the evidence, the court may consider a number of factors, including (1) the diligence of a party in presenting its evidence,[2] (2) whether reopening the record will cause undue delay, (3) whether granting the motion to reopen the evidence "will do an injustice," and (4) whether the evidence to be introduced is decisive. *See In re A.F.*, 895 S.W.2d at 484 (citing *Word of Faith World Outreach Ctr. Church*, 669 S.W.2d at 367). The trial court should exercise its discretion liberally "in the interest of permitting both sides to fully develop the case in the interest of justice." *Word of Faith*, 669 S.W.2d at 367.

■ We now apply these factors to the facts of this case to determine if the trial court abused its discretion in denying Linda's motion to reopen. Linda argues that by making the motion the day after the error occurred, she established diligence; however, she points to nothing in the record which would have any bearing on whether the court's reception of the tape *via* a Rule 270 motion would have caused undue delay or whether granting the motion would have resulted in any injustice. Nor has Linda presented any facts or arguments which would demonstrate how or

why the missing tape would be "decisive" on any issue.[3]

Based on this record, we cannot say that the trial court abused its discretion in denying Linda's motion to reopen. Furthermore, in light of the fact that the court ultimately admitted the tape into evidence, Linda cannot possibly show that she was harmed by the court's denial of her Rule 270 motion. We answer the first appellate issue in the negative.

### TRIAL COURT'S USE OF RULE 320 TO ADMIT ADDITIONAL EVIDENCE

■ In her second issue for review, Linda contends the trial court erred in granting her motion for new trial "for the limited purpose" of admitting the tape into evidence. Texas Rule of Civil Procedure 320 authorizes a trial court to grant a new trial and to set aside the judgment rendered "for good cause ... *on such terms as the court may direct.*"[4] This language expressly grants wide discretion to the trial court to determine whether a new trial is warranted and to place such terms and restrictions on the granting of a new trial as the court, in its discretion, deems appropriate. *See Equitable Gen. Ins. Co. of Tex. v. Yates*, 684 S.W.2d 669, 670 (Tex. 1984). The trial court may exercise its power to grant a new trial with respect to a part of the matters in controversy when "such part is clearly separable without unfairness to the parties." TEX.R. CIV. P. 320. Linda argues that Rule 320 sets

---

2. *See Marriage of Murphy*, 561 S.W.2d 592, 593 (Tex.Civ.App.—Amarillo 1978, no writ) (citing *Isenberg v. Isenberg*, 510 S.W.2d 364 (Tex.Civ.App.—San Antonio 1974, no writ)); *Smart v. Missouri–Kansas–Texas R.R. Co.*, 560 S.W.2d 216, 217 (Tex.Civ.App.—Tyler 1977, writ ref'd n.r.e.) (citing *Highlands Underwriters Ins. Co. v. Martin*, 442 S.W.2d 770, 772 (Tex.Civ.App.—Beaumont 1969, no writ)).

3. The cassette tape she sought to add contained discussions between Linda and her brother (Jon, Jr.) concerning the existence of a handwritten will she claimed Jon, Sr. had made shortly before his death. Linda offered evidence at trial that she had seen a holographic will on various occasions, both while

she was alone and while she was in the presence of her mother (Thelma) and two of her siblings (Jon, Jr. and Bill). Linda's common law husband testified that Jon, Jr. had admitted seeing a handwritten document in which Jon, Sr. had purportedly left his property to his children. Jon, Jr. had also testified that he had seen handwritten notes indicating his father's desire to leave each child a quarter of his estate. Given these facts, an unsworn tape recording between Jon, Jr. and Linda concerning the existence of a handwritten will would be cumulative of other evidence concerning the existence of the will and certainly not "decisive" of any issue.

4. Emphasis added.

strict limits on partial new trials and that the trial court's "limited purpose" order exceeds the perimeters of the rule. We disagree.

■ "The purpose of a new trial is to correct trial errors." *Cantu v. Martin,* 934 S.W.2d 859, 861 (Tex.App.—Corpus Christi 1996, no writ). The object of a motion for new trial is to point out the errors so that the trial judge may have an opportunity to review rulings and, if necessary, correct them. *See Wentworth v. Meyer,* 839 S.W.2d 766, 778 (Tex.1992) (Cornyn, J., concurring); *D/FW Commercial Roofing Co., Inc. v. Mehra,* 854 S.W.2d 182, 189 (Tex.App.—Dallas 1993, no writ). The only "error" Linda pointed out in her motion for new trial was the court's failure to admit into evidence the tape she acknowledges the court ultimately admitted. Notwithstanding the fact that Linda got the one and only thing she asked for in her motion for new trial (the admission of the omitted tape into evidence), she now complains that the court's granting of her request constitutes error. Notably, Linda does not take issue with the trial court's decision to admit the evidence she proffered, nor does she complain about the court's decision to allow her to correct her mistake. She simply claims the court went about awarding her the only relief she requested in the wrong way, using the wrong procedural rule.[5]

Not surprisingly, we find no cases speaking directly to the problem before us. It is easily solved, however, when we observe the spirit of the Texas Rules of Civil Procedure and give them a practical construction. Employing this approach, it is not difficult to reject Linda's argument. To accept it would promote form over substance in violation of Rule 1, which succinctly captures the objective and spirit of the rules by giving trial courts maximum flexibility in order "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." Tex.R. Civ. P. 1. This rule encourages trial courts to construe the procedural rules liberally in order to attain this objective *"with as great expedition and dispatch and at the least expense both to the litigants and to the state as may be practicable." Id.* (emphasis added).

The procedure the trial court followed in this case is easily within the spirit of Rule 1 in that it expeditiously and efficiently accomplished the objective of both the trial court and the proponent of the evidence (Linda), *i.e.,* to exchange the tape Linda mistakenly offered into evidence for the tape she intended. Clearly, the trial court could have granted the same relief under the auspices of Rule 270, which, as noted, allows the court to "permit additional evidence to be offered *at any time."* Tex.R. Civ. P. 270 (emphasis added). Inasmuch as the case was being tried to the court without a jury, the fact that the court granted the relief in response to a motion for new trial instead of in response to the motion to reopen the evidence was totally inconsequential. The two motions were virtually identical and were unquestionably means to the same end. The *only* reason Linda cited for a new trial was so that she could exchange the tape. The court granted Linda exactly what she requested. The fact that the court effected this maneuver *via* Rule 320 instead of Rule 270 matters not one iota under the facts presented here. We find the trial court did not abuse its wide discretion under Rule 320 to "grant a new trial ... on such terms as the court may direct." The appellant's second issue is answered in the negative.

### TRIAL COURT'S REFUSAL TO ALLOW NEW TRIAL AFTER GRANTING MOTION FOR NEW TRIAL

■ In her final issue for review, Linda contends, without argument or citation to

---

5. According to Linda, the fact that the trial court granted the new trial indicates that the "trial court believed it should have granted the motion to reopen" and that it improperly used Rule 320 "to repair error during the trial."

authority, that the trial court erred by not allowing her to have a new trial after granting her motion for new trial for the "limited purpose" of introducing the tape into evidence. Notably, Linda does not dispute that the trial court corrected the one error she complained of in her motion and request for relief. She does not contend that she was in any way harmed by the trial court's refusal to allow a new trial to go forward after the only "error" she identified was corrected. Nor does Linda contend that a new trial to the bench would have yielded a different outcome. We cannot reverse a judgment on the ground that the trial court made an error of law unless we conclude that "the error complained of ... probably caused the rendition of an improper judgment." TEX. R.APP. P. 44.1(a); *see National Union Fire Ins. Co. of Pittsburgh, PA. v. Kwiatkowski,* 915 S.W.2d 662, 664 (Tex.App.—Houston [14th Dist.] 1996, no writ) (citing old TEX.R.APP. P. 81(b)(1)); *see also Dove v. Director, State Employees Workers' Compensation Division,* 857 S.W.2d 577, 580 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Linda has not alleged that the trial court's refusal to allow another trial to proceed caused the court to render an improper judgment, nor can we possibly draw any such conclusion based on the facts presented. Having found Linda's argument unpersuasive, we answer the third issue in the negative.

### CONCLUSION

This case is something of an anomaly in that the appellant's complaint on appeal was her fervent plea and answered prayer in the court below. Despite the fact that the trial court ultimately gave the appellant exactly what she requested, on appeal she stridently complains of the court's action. In presenting her procedural complaints, the appellant neither identifies any harm she suffered as a result of the court's rulings, nor claims that the court's action caused the rendition of an improper judgment. We find no reversible error.

The judgment of the trial court is affirmed.