Affirmed and Opinion filed December 31, 2002









Affirmed and Opinion filed December 31, 2002.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00120-CV

____________

 

FIRST CAPITAL INTEREST, L.L.C., Appellant

 

V.

 

FELIPE AND MARIA GONZALEZ and ALL
OCCUPANTS, Appellees

 



 

On Appeal from the County Civil Court at
Law No. 2

Harris County, Texas

Trial Court Cause No. 745,634

 



 

O P I N I O N

Appellant First Capital Interest, L.L.C. challenges a
judgment in favor of the purchasers of real property under a contract for
deed.  First Capital challenges the legal
and factual sufficiency of the trial court=s finding that the
purchasers/appellees timely tendered disputed payment.  We conclude that the evidence was legally and
factually sufficient to support appellees= recovery in this regard and affirm
the trial court=s judgment.

I. 
Factual and Procedural Background

In 1989, First Capital Interest, L.L.C. agreed to sell Felipe
and Maria Gonzalez certain real property located in Houston, Texas.  The parties signed a contract-for-deed
agreement under which the Gonzalezes were to pay a sales price of $17,400.  Under the parties= agreement, the Gonzalezes were to
make a $1,400 down payment and pay the remaining $16,000 principal amount with
interest of 12% per year, by making monthly payments of $260 until the balance
was paid.  Payments were due on the first
of each month, and the contract provided for a late fee of $25 plus, $2 for
each day payment was late.  Provided the
Gonzalezes complied with the contract and paid the balance, First Capital was
to execute a deed giving the Gonzalezes title to the property in June of
2001.  

In October of 2001, First Capital filed a forcible entry and
detainer action in the Justice Court of Harris County, alleging that the
Gonzalezes had failed to make a payment under the contract and were therefore
in breach.  First Capital also alleged
that it had delivered a notice to vacate the Gonzalezes and sought possession
of the property and reasonable attorney=s fees.  The justice court found for First Capital and
issued an eviction judgment which the Gonzalezes appealed to Harris County
Civil Court at Law Number Two.

The Gonzalezes claimed to have timely tendered the payment to
First Capital.  They deposited the
remaining outstanding balance in the registry of the county court and filed an
answer and counterclaim.  In this
pleading the Gonzalezes asserted they had fully complied with the terms of the
contract and that First Capital had fraudulently denied receipt of payment and
had given defective notice of delinquent payment under the terms of the
contract.  The Gonzalezes also asserted
that First Capital=s denial of receipt of the payment check and refusal to
accept the Gonzalezes= attempted payment of the alleged arrearage amounted to fraud
and breach of contract.








At the bench trial in the county court, Felipe Gonzalez=s niece, Myrna Gonzalez, testified
that in May of 2000, she sent First Capital three post-dated checks to cover
payment under the contract for June, July, and August of 2000.  She had engaged in the same practice the two
previous years so that she could vacation in Mexico without having to worry
about sending the payments.  In October
of 2000, Myrna Gonzalez learned from her bank that First Capital had cashed
only the June check.  Meanwhile, First
Capital had sent notice of termination of the contract for failure to make the
August payment.  This notice was sent to
an address in Los Fresnos, Texas.[1]  The Gonzalezes had not lived at or received
mail at this address for more than nine years. 
Moreover, under the contract, First Capital was to send notice to the
Gonzalezes at their Houston address, which was the address of the property that
was the subject of the contract for deed. 
The Gonzalezes testified that they did not receive notice of termination
of the contract until they were served with First Capital=s forcible entry and detainer action
in the justice court.  

The county court found for the Gonzalezes and ordered First
Capital to execute a warranty deed conveying the property to them.  In its judgment, the trial court made the
following findings of fact: 

(1)       Felipe and Maria Gonzalez complied with the terms of the
contract; 

(2)       the amount in the registry of the court pays all outstanding
amounts owed by the Gonzalezes under the contract; 

(3)       the contract has been completed in all its terms; and 

(4)       the contract was written so as to perpetrate a fraud and take
advantage of the Gonzalezes= inability to understand English.[2]  

 








Accordingly, the county court awarded First Capital the
amounts deposited in the registry of the court and ordered First Capital to
execute a warranty deed conveying title to the property to the Gonzalezes.

II. 
Issues Presented

First Capital presents four issues for review by this court:

(1)       Did the trial court erroneously grant the Gonzalezes judgment
on a theory of fraud they did not plead?

(2)       Did the trial court erroneously grant the Gonzalezes judgment
for fraud by finding that First Capital=s
contract was designed to perpetrate a fraud and to take advantage of the
Gonzalezes= inability to effectively communicate in English?

(3)       Is the evidence legally and factually sufficient to sustain
the trial court=s finding that the Gonzalezes timely tendered the
disputed payment under the terms of the contract?

(4)       Did the trial court err by granting judgment for the
Gonzalezes and ordering First Capital to execute a warranty deed conveying the
property to appellees?

 

                                                   III. 
Standard of Review

Because findings of fact in a bench trial have the same force and
dignity as a jury verdict, we review them for legal and factual sufficiency of
the evidence under the same standards we apply in reviewing a jury=s findings.  Catalina v. Blasdel, 881 S.W.2d 295, 297
(Tex. 1994).  In conducting a
no-evidence analysis, we review the evidence in a light that tends to support
the disputed findings and disregard all evidence and inferences to the
contrary.  Lee Lewis Constr., Inc. v.
Harrison, 70 S.W.3d 778, 782 (Tex. 2001). 
If more than a scintilla of evidence exists, it is legally
sufficient.  Id.  More than a scintilla of evidence exists if
the evidence furnishes some reasonable basis for differing conclusions by
reasonable minds about a vital fact=s existence.  Id. at 782B83. 









When reviewing a challenge to the factual sufficiency of the
evidence, we examine the entire record, considering both the evidence in favor
of, and contrary to, the challenged finding. 
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  After considering and weighing all the
evidence, we set aside the fact finding only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust.  Dyson v. Olin Corp., 692 S.W.2d 456, 457
(Tex. 1985).  The trier of fact is the
sole judge of the credibility of the witnesses and the weight to be given to
their testimony.  GTE Mobilnet of S.
Tex. v. Pascouet, 61 S.W.3d 599, 615B16 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  Because we are not the fact
finder, we may not substitute our own judgment for that of the trier of fact,
even if we would reach a different answer on the evidence.  Maritime Overseas Corp. v. Ellis, 971
S.W.2d 402, 407 (Tex. 1998).  The amount
of evidence necessary to affirm a judgment is far less than that necessary to
reverse a judgment.  Pascouet, 61
S.W.3d at 616. 

                                                     IV.  Analysis and Discussion

A.        Is the evidence legally and factually sufficient to sustain
the trial court=s finding that the Gonzalezes timely tendered the
disputed payment under the terms of the contract? 

In its third issue, First Capital challenges the legal and
factual sufficiency of the evidence to sustain the trial court=s finding that the Gonzalezes timely
tendered the disputed contract payment.








We first review First Capital=s legal-sufficiency challenge.  See Glover v. Texas Gen. Indem. Co.,
619 S.W.2d 400, 401 (Tex. 1981) (holding that when Ano evidence@ and Ainsufficient evidence@ challenges are both presented, the
court of appeals should review the Ano evidence@ issue first).  Viewing only the evidence that supports
the trial court=s finding, the record contains legally sufficient evidence
that the Gonzalezes fulfilled their obligations under the contract and timely
tendered the disputed payment.  The
alleged breach was their purported failure to make timely payment to First
Capital for August of 2000.  Myrna
Gonzalez testified that, in May of 2000, she mailed First Capital post-dated
checks for June, July, and August of 2000, in a single envelope as she had done
in the two preceding years.  This
testimony was sufficient to support the county court=s finding that the Gonzalezes timely
tendered the August payment.  See
Sherman v. First Nat. Bank in Center, 760 S.W.2d 240, 242 (Tex. 1988) (per
curiam) (holding that finding of fact must be upheld when it is supported by
more than a scintilla of evidence and appellate court may not consider
contradictory evidence contained in the record).  

Turning now to First Capital=s factual-sufficiency challenge, we
note that during a bench trial, the trial court is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.  Griffin Indus.,
Inc. v. The Honorable Thirteenth Court of Appeals, 934 S.W.2d 349, 355 (Tex. 1996).  On appeal, we will not re-evaluate the
trial court=s determination of the weight and credibility of the
evidence.  Id.  The trial court=s finding in this case turned on its
assessment of the witnesses= credibility and the weight to be
given their testimony.  Myrna Gonzalez=s testimony that she mailed the
checks was supported by her further testimony that bank records showed First
Capital cashed the June check, but not the July or August checks.  Myrna Gonzalez=s testimony thus controverted the
testimony of First Capital=s President, Danny Hilal, that First Capital never received
the August check.  In light of the entire
record, the trial court=s finding on this issue was not contrary to the great weight
and preponderance of evidence. 
Accordingly, we find the evidence is factually sufficient to sustain the
trial court=s finding that the Gonzalezes timely
tendered the disputed payment under the terms of the contract.  We overrule First Capital=s third issue.

B.        Did First
Capital adequately brief its fourth issue?








In its fourth issue, First Capital asserts the trial
court erroneously granted judgment for the Gonzalezes and erroneously ordered
First Capital to convey title to them, because First Capital had terminated the
contract for nonpayment.  In support of its fourth issue, First
Capital provides this court with three sentences of conclusory argument that
contain no citation to the appellate record. 
Moreover, First Capital provides no analysis and no legal
authorities.  It only summarizes the
county court=s holding, states the relief it seeks
on appeal, and refers to Athe above errors committed by the trial court.@ 
We find First Capital has waived review of this issue by its failure to
adequately brief it.  See Tex. R. App. P. 38.1(h); Baker v.
Gregg County, 33 S.W.3d 72, 79B80 (Tex. App.CTexarkana 2000, pet. dism=d); Houghton v. Port Terminal R.R.
Ass=n, 999 S.W.2d 39, 51 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  Accordingly, we overrule First
Capital=s fourth issue.

C.        Should
the trial court=s judgment be reversed due to alleged defects in the
Gonzalezes= fraud claim?

In its first issue, First Capital  asserts that the judgment does not conform to
the theory of fraud the Gonzalezes pleaded. 
In its second issue, First Capital asserts the trial court erred by
retroactively applying the requirements of section 5.068 of the Texas Property
Code by finding the contract was written so as to perpetrate a fraud and take
advantage of the Gonzalezes= inability to speak and understand English.  See Tex.
Prop. Code ' 5.068.  Presuming,
without deciding, that First Capital=s first and second issues are
meritorious, they do not present reversible error because the trial court=s judgment is also based on a finding
that the Gonzalezes complied with the contract and were therefore entitled to
title to the real property in question. 
Because the trial court=s judgment is supported on an independent contract theory,
under which we have overruled legal and factual sufficiency challenges, any
error complained of in these issues is harmless.  See Tex.
R. App. P. 44.1(a); Battaglia v. Alexander, C S.W.3dC, 2002 WL730530, at *10 (Tex. App.CHouston [14th Dist.] Apr. 25, 2002,
pet. filed).  Accordingly, we overrule
First Capital=s first and second issues.  See id., see also In Re Hawk,
5 S.W.3d 874, 879 (Tex. App.CHouston [14th Dist.] 1999, no pet.).

V. 
Conclusion








The evidence in the record is legally and factually
sufficient to support the trial court=s finding that the Gonzalezes timely
tendered the disputed payment under the terms of the contract.  First Capital waived error, if any, on its
fourth issue by failing to adequately brief this issue, and First Capital=s first and second issues do not
present reversible error.  Having
overruled all issues presented, we affirm the trial court=s judgment.

 

 

 

/s/        Kem Thompson Frost

Justice

 

 

 

Judgment rendered
and Opinion filed December 31, 2002.

Panel consists of Justices Yates, Anderson, and
Frost.  (Anderson, J. concurs in the
result only.)

 

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 











[1]   Although the
record shows First Capital did not cash either the July or August checks, First
Capital based its attempted termination of the contract solely on the
Gonzalezes= alleged failure to tender the August payment. 





[2]  Texas Rule of
Civil Procedure 299a provides that Afindings
of fact shall not be recited in a judgment.@  However, in the county court and on appeal,
no party complained of the presence of these findings in the judgment, so we do
not address this issue.