**Affirmed and Memorandum Opinion filed July 12, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00353-CV

---

### SHAKEDRIA WEST, Appellant

### V.

### THE ESTATE OF WANDA CASTILLE, REGINALD CASTILLE & MONICA HUDSON (POWER OF ATTORNEY), Appellees

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1159146**

---

## M E M O R A N D U M   O P I N I O N

The Estate of Wanda Castille, Reginald Castille, and Monica Hudson (Power of Attorney) (together, "Appellees") brought this forcible detainer action against appellant Shakedria West, seeking to evict West and her family from Reginald Castille's house. The trial court signed a final judgment awarding Appellees possession of Castille's house.

West appealed the final judgment and raises five issues challenging the

denial of her motion to reopen evidence, the trial court's jurisdiction, and the date the final judgment was signed. For the reasons below, we overrule these issues and affirm the trial court's final judgment.

## BACKGROUND

Appellee Monica Hudson is Reginald Castille's sister. In November 2018, Castille executed a power of attorney authorizing Hudson to make decisions for him concerning his property. Around this time, Castille's daughter, appellant Shakedria West, and her family moved into his house.

In August 2020, Appellees brought a forcible detainer action in justice court, seeking to evict West and her family from Castille's home. A hearing was scheduled in September 2020, after which the justice court signed a judgment awarding Appellees possession of the home. West appealed to the county court at law and a trial was held in October 2020 via video conference. A reporter's record of these proceedings was not included in the appellate record.

After trial, West filed an "Emergency Motion to Reopen Evidence," asserting that:

> [t]here exists relevant and persuasive evidence that was not introduced at the trial of this matter, that is conclusive as to the central issues in this litigation — the incompetency of Reginald Castille to execute a power of attorney as of November 2018 and his consent to permit his daughter Shakedria West Williams to reside in his home for as long as she desired. The evidence consists of a video as well as detailed testimony as to incompetency that consists of more than Mr. Castille's 2018 diagnosis for dementia.

On November 11, 2020, the trial court held a hearing on West's motion to reopen evidence. West's attorney sought to introduce evidence showing that Castille lacked the requisite capacity to sign the 2018 power of attorney, asserting that Castille was drinking excessive amounts of alcohol and had been diagnosed with

2

dementia. To support these contentions, West's counsel offered (1) West's declaration signed November 11, 2020 (the day of the hearing), and (2) a September 2020 video showing Castille telling West she could stay in his house. West's declaration was included in the clerk's record; however, the September 2020 video was not included as part of the appellate record.

In response, Appellees' counsel asserted that (1) West's declaration was "entirely self-serving"; and (2) challenges to the validity of the power of attorney should be pursued in the probate court rather than as part of the forcible detainer action. In addition, Appellees' counsel also argued that West:

> can't say that the video from September of 2020 is the be all end all and then say the power of attorney from November of 2018 is obviously void because of his capacity issues. They can't have it both ways, Judge.

The trial court orally denied West's motion to reopen evidence. In response, West's attorney requested "a period of time that would give us enough time to file in probate court and get relief," specifically, "14 days." The trial court stated that West's request was "granted."

The trial court subsequently signed a final judgment on November 18, 2020, granting Appellees a judgment for possession of Castille's house. The judgment states that a writ of possession should issue if West did not vacate the premises by November 25, 2020 (14 days after the hearing). West filed a notice of appeal.

## ANALYSIS

West raises five issues on appeal, which we summarize as follows:

1. the trial court abused its discretion by denying West's motion to reopen evidence;

2. the trial court erred by retaining jurisdiction over the underlying suit given "the existence of a dispute as to title"; and

3

3.     the trial court erred by entering judgment before expiration of the 14-day period West requested to seek relief in the probate court.

For the reasons below, we overrule these issues and affirm the trial court's final judgment.

## I.     Motion to Reopen Evidence

In her first three issues, West challenges the trial court's denial of her motion to reopen evidence.

We review a trial court's decision to deny a party's motion to offer additional evidence for an abuse of discretion. *In re Hawk*, 5 S.W.3d 874, 876-77 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Under Texas Rule of Civil Procedure 270, a trial court may permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice. *See* Tex. R. Civ. P. 270. "Rule 270 allows, but does not require, a trial court to permit additional evidence." *Abante & Jopio LLC v. UR Props. I, L.P.*, No. 14-18-00792-CV, 2020 WL 4524674, at *4 (Tex. App.—Houston [14th Dist.] Aug. 6, 2020, no pet.) (mem. op.).

In deciding whether to grant a motion to reopen evidence, trial courts consider whether (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) the reception of such evidence will cause undue delay; and (4) granting the motion will cause an injustice. *In re J.M.W.*, 470 S.W.3d 544, 557 (Tex. App.—Houston [14th Dist.] 2014, no pet.). A trial court's ruling on a motion to reopen should not be disturbed if these factors are not met. *Id.*; *see also Stevens v. Stevens*, No. 11-19-00397-CV, 2021 WL 6140067, at *5 (Tex. App.—Eastland Dec. 30, 2021, no pet.) (mem. op.).

Because the record does not show that the proffered evidence would have been decisive with respect to the underlying issues in the forcible detainer action,

4

the denial of West's motion to reopen evidence does not constitute an abuse of discretion

An appellant bears the burden to bring forward a record sufficient to show that the trial court erred. *Turner v. Ewing*, 625 S.W.3d 510, 522 n.3 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *see also Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam). In the absence of a record containing the relevant evidence considered by the trial court in making its ruling, "[w]e indulge every presumption in favor of the trial court's ruling." *Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998).

Here, the appellate record does not include (1) a transcript of the October 2020 trial, or (2) the September 2020 video allegedly showing Castille telling West she could stay in his house. Without this information, we cannot conclude that the proffered evidence would have been helpful (much less decisive) in the forcible detainer action. *See In re Hawk*, 5 S.W.3d at 877 (the trial court did not abuse its discretion in denying motion to reopen evidence because the record did not show that the missing tape would be decisive on any issue).

Moreover, at the hearing on West's motion to reopen, West's counsel indicated that the additional evidence was aimed at challenging the validity of Hudson's power of attorney. But the only issue in a forcible detainer action is which party has the right to immediate possession of the property. *See Goodman-Delaney v. Grantham*, 484 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, no pet.). Challenges to the validity of a power of attorney are outside the scope of a forcible detainer action. *See, e.g.*, *Estevez v. Selene Fin. LP*, No. 05-17-00224-CV, 2018 WL 1324692, at *1-2 (Tex. App.—Dallas Mar. 15, 2018, pet. denied) (mem. op.) (in a forcible detainer action, the defendant challenged certain deeds that "were executed via powers of attorney that were not introduced into

5

evidence"; the court held that these challenges "must be resolved, if at all, in a separate suit"). Accordingly, West's additional evidence challenging the validity of Hudson's power of attorney would not have been decisive in the underlying forcible detainer action. *See id*.; *Goodman-Delaney*, 484 S.W.3d at 174.

We overrule West's first three issues.

## II.     Jurisdiction Over the Underlying Suit

In her fifth issue, West asserts the trial court erred when it entered judgment because there was an issue concerning the title to Castille's home. Specifically, West contends Castille orally granted her a life estate with respect to his house.

The only issue to be resolved in a forcible detainer action is the right to immediate possession of the property; the merits of title are not adjudicated. *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Justice courts do not have jurisdiction to determine or adjudicate title, and neither does a county court exercising appellate jurisdiction in a forcible detainer action. *Yarbrough*, 455 S.W.3d at 280.

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Id*. But when a forcible detainer action presents a genuine issue of title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier Props., Inc.*, 447 S.W.3d at 564. "Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is

6

a prerequisite to determination of the right to immediate possession." *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Here, the record does not show that the resolution of a title dispute was a prerequisite to determining the right to immediately possess Castille's house. As stated above, West failed to provide a transcript of the October 2020 trial for the appellate record. Moreover, the only evidence West cites to support her contention that a life estate was created was her declaration and the September 2020 video — neither of which were admitted into evidence. Accordingly, the record does not show that the justice court and county court lacked jurisdiction over Appellees' forcible detainer action.

We overrule West's fifth issue.

## III.    Trial Court's Judgment

At the November 11, 2018 hearing, the trial court granted West's request to allow her 14 days to pursue her power-of-attorney challenges in the probate court. The trial court subsequently signed a final judgment on November 18, 2020, granting Appellees a judgment for possession of Castille's house and ordering that:

> a Writ of Possession issue to the proper officer commanding him to seize possession of said premises and deliver same to [Appellees] after said Writ of Possession has been duly filed by [Appellees] if [West] ha[s] not vacated the herein described premises by November 25, 2020.

In her fourth issue, West contends that signing a final judgment before the expiration of the 14-day period was an "abuse of discretion" and "legally unreasonable."

We disagree. First, West does not cite any authority to support this

contention. *See* Tex. R. App. P. 38.1(i) (the appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

Second, although the trial court signed its final judgment only seven days after the November 11 hearing, the final judgment states that the writ of possession would not issue until November 25, 2020 — 14 days after the hearing. This is consistent with the relief West's attorney requested at the hearing on the motion to reopen, specifically, the "14 days" needed to "give us enough time to file in probate court and get relief[.]" Accordingly, the trial court did not err by signing a final judgment less than 14 days after the hearing on the motion to reopen.

We overrule West's fourth issue.

### CONCLUSION

We affirm the trial court's November 18, 2020 final judgment.


/s/     Meagan Hassan
Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.

8