

## NUMBER 13-23-00527-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

**RICARDO HERNANDEZ AND
JOEL HERNANDEZ,**                                                        **Appellants,**

**v.**

**RENE ANGEL HERNANDEZ,**                                               **Appellee.**

---

## ON APPEAL FROM THE 92ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

---

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

Appellants Ricardo Hernandez and Joel Hernandez appeal the trial court's judgment in favor of appellee Rene Angel Hernandez. By five issues, appellants argue the trial court erred by: (1) failing to apply the Uniform Partition of Heirs' Property Act (the Act); (2) finding that appellee was entitled to receive a partitioned tract bordering the

eastern boundary of Lot 390; (3) finding that a partition of Lot 390 should result in partitioned tracts of equal acreage rather than equal value when the evidence indisputably shows that appellee's 1/3 portion yields significantly greater monetary value than appellants' remaining 2/3 portion; (4) failing to issue findings of fact and conclusions of law after appellants properly requested such findings; and (5) failing to afford appellants forty-five days' notice of a trial setting in accordance with Rule 245. We affirm.

## I. BACKGROUND

Benito Hernandez and his wife Angelita Hernandez have four sons: Noe, Ricardo, Joel, and Rene. In August 2018, Benito and Angelita engaged their attorney Antonio Villeda to execute a marital agreement and their wills. The marital agreement provided the following:

> The parties intend by this agreement to create a valid and binding arrangement so that at the time the first party dies, the specific bequests of the real property named in Article II of the Will of the first party to die will pass 100% to the heirs named in the Will as if it was the separate property of the deceased.

The wills provided that real property located in "Lot 389 Kelly Pharr Tract" would be bequeathed to Noe while real property located in "Lot 390 Kelly Pharr Tract" and all improvements therein would be bequeathed to Ricardo, Joel, and Rene "in equal shares." The wills included the following limiting language, which is at the center of the parties' dispute: "**PROVIDED, HOWEVER, if this property is ever partitioned by the heirs, the portion going to Rene Angel Hernandez shall be the section that borders along Lot 389 Kelly Pharr Tract**" (limiting language).[1] Lots 389 and 390 are shown below.

---

[1] Texas G&S Investments, Inc. currently operates a "Casa de Cambio" on the eastern portion of Lot 390.



On April 11, 2020, Benito passed away. The probate court admitted his will to probate and appointed Noe as the independent executor in accordance with the will. On March 25, 2022, Noe executed a special warranty deed, which Villeda also drafted. The special warranty deed (first deed) conveyed the estate's entire interest in Lot 390 to Ricardo, Rene, and Joel, but it did not contain the limiting language provided for in the will.

In February 2023, appellee filed an opposed petition in intervention in the probate court, requesting that the probate court "reform" the first deed to include the limiting language. Appellee also filed a motion for summary judgment, which the probate court denied. On March 24, 2023, appellants filed an original petition in the district court to partition Lot 390 as set out in the Act and in accordance with the first deed. Appellants claimed Lot 390 was "heirs' property" under the Act and requested a partition in kind based on the value of Lot 390. *See* TEX. PROP. CODE ANN. § 23A.003(a) ("In an action to partition real property under Chapter 23, the court shall determine whether the property is heirs' property."); *id.* § 23A.008(a) (providing that the court "shall order partition in kind" of heirs' property under certain circumstances); *see also id.* § 23A.002(7) ("'Partition in kind' means the division of heirs' property into physically distinct and separately titled

3

parcels."). They further requested the trial court determine the interests of the parties and whether Lot 390 is susceptible in kind or by sale. Lastly, they requested the trial court appoint a commissioner to make a fair and just partition. *See* TEX. R. CIV. P. 761.

Appellee responded claiming that the property was not "heirs' property" under the Act and requesting that the trial court partition the property in equal acreage in accordance with the will. Specifically, appellee requested that the trial court partition Lot 390 in kind by physically granting the east one-third portion to him while granting appellants an undivided interest in the remaining two-thirds portion.

On August 31, 2023, Noe filed a "Corrected Special Warranty Deed," which conveyed Lot 390 to the parties and included the limiting language. Noe retained a different attorney, and Villeda did not draft the corrected deed. Appellee requested an evidentiary hearing to determine whether the Act applies, and the trial court held these hearings on October 13, 19, and 27, 2023. At the October 13 hearing, the trial court did not hear any live testimony and instructed the parties that if they did not resolve their issues in mediation, it would admit evidence and hear from witnesses on October 19 pursuant to appellee's request. At the October 19 hearing, appellants objected, claiming they did not receive sufficient notice based on Texas Rule of Civil Procedure 245. The trial court overruled this objection.

Following evidentiary hearings on October 19 and October 27, the trial court signed its judgment on November 8, 2023, in favor of appellee. The judgment declared that: (1) the parties each own a one-third interest in Lot 390; (2) Lot 390 is not "heirs' property" and is not governed by the Act; (3) Lot 390 is governed by Texas Property Code Chapter 23 and the Texas Rules of Civil Procedure; (4) the will bequeathed to appellee the eastern

4

one-third of Lot 390 in kind, including all improvements; and (5) the will bequeathed to appellants the remaining two-thirds of the property in kind, including all improvements. The trial court further appointed a commissioner to partition Lot 390 in accordance with its partition order. Appellants filed a motion for new trial on November 28, 2023, and a notice of appeal in this Court. Appellants argued that they did not have the required forty-five days' notice of a hearing as set out in Rule 245. *See* Tex. R. Civ. P. 245.

In response to appellants' claim of insufficient notice, on January 3, 2024, appellee filed a motion to reopen the evidence in accordance with Texas Rule of Civil Procedure 270. *See id.* R. 270. In his motion, appellee requested that the trial court reopen the evidence "to allow additional admissible evidence, if any, from all parties" for the trial court "to consider and make any changes" necessary to its order of partition. Appellee asserted that this would render appellants' motion for a new trial moot. On January 30, 2024, appellants withdrew their motion for new trial.

On February 16, 2024, the trial court granted appellee's motion to reopen the evidence."[2] The trial court opened the case for discovery for forty-five days. *See id.*

At a July 23, 2024 hearing, the trial court explained that its position remained the same unless the parties presented something warranting a modification of the November order. Appellants' counsel stated that aside from admitting exhibits related to setting a bond, "we're going to be all done with this reopening of evidence." No new evidence was presented by the parties.

---

[2] The trial court ordered the case to mediation again on this date.

At the conclusion of the rehearing, the trial court adopted the November order. This appeal followed.

## II. NOTICE

By their fifth issue, which we address first, appellants argue that the trial court erred by failing to afford them forty-five days' notice of the de facto bench trial as required by Rule 245. *See id.* R. 245. Appellee argues that appellants waived this issue, or, alternatively, that the trial court cured any harm by granting his post-trial motion to "re-open evidence."

## A. Applicable Law

Texas Rule of Civil Procedure 245 requires contested cases to be set for trial "with reasonable notice of not less than forty-five days to the parties of a first setting for trial." *Id.* "The notice required by Rule 245 'is mandatory and involves the constitutionally protected right of due process.'" *In re B.C.*, 579 S.W.3d 432, 435 (Tex. App.—Corpus Christi–Edinburg 2019), *aff'd*, 592 S.W.3d 133 (Tex. 2019) (quoting *In re I.L.S.*, 339 S.W.3d 156, 159 (Tex. App.—Dallas 2011, no pet.)). A trial court's failure to give the required notice constitutes a lack of due process and is grounds for reversal. *Blanco v. Bolanos*, 20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); *see also Campos v. Nueces County*, No. 13-07-488-CV, 2008 WL 331067, at *2 (Tex. App.—Corpus Christi–Edinburg Feb. 7, 2008, no pet.) (mem. op.).

Under Texas Rule of Civil Procedure 270, a trial court may permit additional evidence to be offered at any time when it clearly appears necessary to the administration of justice. *See* TEX. R. CIV. P. 270. "Whether to reopen the evidence is within the sound discretion of the trial court, and the court 'should exercise its discretion liberally in the

interest of permitting both sides to fully develop the case in the interest of justice.'" *In re R.H.B.*, 660 S.W.3d 136, 156 (Tex. App.—San Antonio 2022, no pet.) (quoting *In re Hawk*, 5 S.W.3d 874, 876–77 (Tex. App.—Houston [14th Dist.] 1999, no pet.)).

**B.      Discussion**

The only error appellants complained of in their motion for new trial was the trial court's failure to afford them forty-five days' notice in accordance with Rule 245. *See Cantu v. Martin*, 934 S.W.2d 859, 861 (Tex. App.—Corpus Christi–Edinburg 1996, no writ) ("The purpose of a new trial is to correct trial errors."). However, by granting appellee's motion to reopen evidence under Rule 270, the trial court granted appellants the very relief they requested under Rule 245 in their motion for new trial. *See* TEX. R. CIV. P. 270. Simply put, in terms of relief sought, both motions—for new trial and to reopen evidence—"were virtually identical and were unquestionably means to the same end." *In re Hawk*, 5 S.W.3d at 878.

Consistent with appellants' request in their motion for new trial and consistent with Rule 245, the trial court afforded appellants at least forty-five days' notice of the July 23, 2024 trial setting and allowed the parties to conduct additional discovery and present additional evidence. *See* TEX. R. CIV. P. 245. Because adequate notice of trial was provided, appellants were afforded their constitutionally protected right of due process. *See id.* Accordingly, we overrule appellants' fifth issue.

### III.      UNIFORM PARTITION OF HEIRS' PROPERTY ACT

By their first issue, appellants argue the trial court erred by not applying the Act. Appellants argue that the Act governs the property because all elements of the Act are

satisfied. Under the Act, "heirs' property" is defined as "real property held in tenancy in common that satisfies all of the following requirements as of the filing of a partition action:"

    (A)    there is no agreement in a record binding all the cotenants that governs the partition of the property;

    (B)    one of more of the cotenants acquired title from a relative, whether living or deceased; and

    (C)    any of the following applies:

        (i)    20 percent or more of the interests are held by cotenants who are relatives;

        (ii)    20 percent or more of the interests are held by an individual who acquired title from a relative, whether living or deceased; or

        (iii)    20 percent or more of the cotenants are relatives.

TEX. PROP. CODE ANN. § 23A.002(5).

Although appellants asked the trial court to partition Lot 390 pursuant to the Act, the Act does not provide that property may be partitioned in direct contravention of the manner in which that property is distributed via terms of a will. *Compare id. with* TEX. EST. CODE ANN. § 251.002 (providing that a person may devise under a will "all the estate, right, title, and interest in property the person has at the time of the person's death" and may "direct the disposition of property or an interest passing under the will"). Section 405.0015 of the estates code enacted simultaneously with the Act grants independent executors broad discretionary powers to distribute property that may affect partition rights. *See* TEX. EST. CODE ANN. § 405.0015 (providing that unless a will states otherwise, an independent executor may make distributions, allocate assets, value estate property, and adjust distribution). Here, the will directly governs the manner in which Lot 390 is

8

partitioned. *See id.* Accordingly, because there is an "agreement in a record binding all the cotenants that governs the partition of the property," the Act does not apply. *See* TEX. PROP. CODE ANN. § 23A.002(5)(a).

Based on the foregoing, we find the trial court did not err in not applying the Act because: (1) Lot 390 is not being distributed through intestate succession, and the parties are all beneficiaries of Benito's estate; (2) the will expressly governs the partition of Lot 390; (3) the will is admitted to probate; and (4) the probate court has already appointed Noe as the independent executor of the will. *See* TEX. EST. CODE ANN. §§ 405.0015 (granting the independent executor significant allocation powers), 405.008 (providing that an independent executor may petition the probate court for a partition of the property "[i]f the will does not distribute the entire estate"); *Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (providing that independent executors can enter into any transactions deemed necessary for the good of the estate without requesting court authority after being appointed by the court and after approval of and the inventory); *see also Est. of Webb*, No. 05-22-00673-CV, 2023 WL 7144639, at *4 (Tex. App.—Dallas Oct. 31, 2023, no pet.) (mem. op.) (finding that the trial court did not err in failing to follow the Act after it questioned "whether or not [it had] to follow the statutory scheme in [the Act] if there is an administration [of an estate]").

Thus, we conclude appellants cannot simply disregard the will's terms regarding the distribution of Lot 390 by petitioning the court for a partition of Lot 390 under the Act. *See* TEX. EST. CODE ANN. § 251.002; *see also In re Est. of Richards*, 703 S.W.3d 920, 929 (Tex. App.—Eastland 2024, no pet.) ("[W]e have found none to the effect that the appointment of a receiver in a probate case causes the provisions of the Estates Code to

9

no longer to be applicable."). For these reasons, we decline appellants' invitation to intersect the Act—the purpose of which was devised for property in intestate succession—with the estates code, and we conclude the trial court did not abuse its discretion in failing to apply it in this case. *See In re Roy*, 249 S.W.3d 592, 596 (Tex. App.—Waco 2008, pet. denied) ("The independent administration of estates and the testator's right to select an independent executor of his or her choice are foundations of Texas law."); *see also ee also Est. of Phillips*, No. 06-23-00017-CV, 2025 WL 1006386, at *10 (Tex. App.—Texarkana Apr. 4, 2025, no pet.) (mem. op.) (van Cleef, J., concurring) ("I join both of my colleagues in holding that [the Act is] not available during the pendency of an independent administration."). We overrule appellants' first issue.

## IV. ORDER OF PARTITION

By their second and third issues, appellants argue the trial court abused its discretion in awarding appellee the eastern one-third Lot 390 and refusing to partition Lot 390 in equal value. First, appellants argue that the limiting language does not apply "because [the parties] did not predecease Benito and Lot 390 was conveyed to them." Appellants next argue that "equal shares" equates to "equal value," so Lot 390 must be partitioned according to its value.

### A. The Evidence

At the hearings, the trial court admitted the following evidence: the marital agreement, the Will, the order probating the Will, all three deeds, a letter from appellee to appellants declaring his ownership, and the parties' discovery responses.

10

### 1. Noe's Testimony

At the October 19 hearing, Noe testified that the probate court appointed him as independent executor of the will when it was admitted to probate. According to Noe, he did not know the limiting language existed at the time he executed the first deed:

[Attorney]:     Okay. Did you know whether it had to be in that deed?

[Noe]:     No sir.

[Attorney]:     Okay. Did you intentionally omit that provision from [the first deed]?

[Noe]:     Absolutely not.

. . . .

[Attorney]:     So I know the other side has argued that you intentionally omitted that provision from the March 22 deed. That was not the case, was it?

[Noe]:     No, sir.

. . . .

[Attorney:]     So you understand, [Noe], that even though the will gives you a lot of discretion, it does not give you the discretion to omit one of the provisions in your father's will. You understand that?

[Noe]:     Yes, sir.

Noe understood the limiting language to mean that appellee would inherit the eastern part of Lot 390, which was adjacent to Lot 389. Noe clarified that while Villeda drafted the martial agreement, the will, the application to probate the will, and the first deed, Villeda failed to transfer the limiting language in the will to the first deed. Thereafter, a new attorney was retained to draft the corrected deed. According to Noe, Villeda often filed documents without prior notice to him. Noe further acknowledged he was liable to

11

appellee and to the entire family for negligence and breach of fiduciary duty: "[T]he situation we're in right now, we should not be here [trying t]o make it right what their true wishes were on my dad and my mother." Noe stated that as the independent executor of the estate, he could not "contradict any terms of his [father's] will."

### 2. Ricardo's Testimony

At the October 27, 2023 hearing, appellants argued that the only "legal, definite meaning" in harmonizing the will is for all three parties to "get equal shares in equal value." Ricardo testified that he received and read the will in February 2021 and was familiar with the limiting language. On April 5, 2022, he e-mailed Villeda asking for status on the will, and Villeda sent him a copy of the first deed, which was executed on March 25, 2022. According to Ricardo, he did not notice the limiting language was not included in the first deed, and although appellee asked appellants to sign a corrected deed with the limiting language, he refused to do so.

Ricardo admitted that the will did not include the words, "value," "appraisal," or "Sugar Road." Ricardo clarified that he was a commercial real estate broker for over thirty-five years, and, in his opinion, if the parties were to sell Lot 390, sale of the proceeds should be split equally in "equal shares." Ricardo opined that Lot 390 should be partitioned in equal shares and equal value, and appellee's interpretation of the will is inconsistent with portioning in equal value. On recross-examination, the following transpired:

[Attorney]:  Isn't it true that you were asked by your parents to come to [Villeda's] office so you could verify or so that you could be aware that your parents had executed wills?

. . . .

[Ricardo]:   Okay. Yes.

| [Attorney]: | Did your parents call in [appellee] to be present? |
|---|---|
| [Ricardo]: | No. |
| [Attorney]: | Thank you, sir. Did you parents ask for your older brother, Joel Hernandez, to be present? |

. . . .

| [Ricardo]: | He was not there. |
|---|---|
| [Attorney]: | Was Noe . . . your youngest brother and the independent executor, present at that time? |
| [Ricardo]: | He was not present. |
| [Attorney]: | So the only one present at that time was you, correct? |
| [Ricardo]: | Correct. |
| [Attorney]: | And, sir, you were also aware that your father didn't want you to own property next to, [Noe], correct? |
| [Ricardo]: | I was not. |

### 3. Joel's Testimony

Joel testified that he was familiar with the limiting language in the will and that the first deed did not include the limiting language. Joel stated that it is his opinion "equal shares" equates to "equal value" because he "read a case from the supreme court where it says equal shares equals equal value, so that's how [he] know[s]."

### B. Standard of Review & Applicable Law

"The rules of equity govern the trial court's partition of property." *Bowman v. Stephens*, 569 S.W.3d 210, 223 (Tex. App.—Houston [1st Dist.] 2018, no pet.). "A trial court exercises broad discretion in balancing the equities involved in a case seeking equitable relief." *Id.* "We review a trial court's decision granting or denying equitable relief

13

for an abuse of discretion*." Rodriguez v. Rivas*, 573 S.W.3d 447, 451 (Tex. App.—Amarillo 2019, no pet.) (citing *Wagner & Brown, Ltd. v. Sheppard*, 282 S.W.3d 419, 428–29 (Tex. 2008)). We will not disturb an award for "equitable relief unless it is arbitrary, unreasonable, or without regard to guiding legal principles." *Bowman*, 569 S.W.3d at 223. "When facts are disputed, a trial court does not abuse its discretion if some of the conflicting evidence supports its decision." *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 820 (Tex. 2005)).

"The law will not force a reluctant joint owner of real property to maintain a joint ownership." *Id.* at 220. Joint owners of real property may therefore "compel a partition of the interest or the property among the joint owners." TEX. PROP. CODE ANN. § 23.001. There are two types of partitions: in kind or by sale. *Bowman*, 569 S.W.3d at 220. In kind partitions divide the property into separate parcels, and each parcel is allotted to a separate owner, whereas partitions by sale sell the property, and the sale proceeds are divided among the owners. *Id.* "Texas law favors partition in kind over partition by sale." *Id.* Thus, courts inquire whether partition in kind is so impractical or unfair that partition by sale would best serve the parties interest and restore or preserve the maximum value of the property. *Id.* Because the law favors partition in kind, the party requesting a partition by sale has the burden to demonstrate that partition in kind is impractical or unfair. *Id.*

"In construing a will, our focus is on the testator's intent, which is 'ascertained by looking to the provisions of the instrument as a whole, as set forth within the four corners of the instrument.'" *Stephens v. Beard*, 485 S.W.3d 914, 916 (Tex. 2016) (quoting *Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio*, *N.A.*, 748 S.W.2d 218, 220 (Tex. 1988)). We focus on the meaning of the words the testator "actually used" and not on

14

what the testator "intended to write." *Id.* (quoting *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 639 (Tex. 2000)). We construe the words in their "plain and usual sense." *Id.* (quoting *White v. Taylor*, 155 Tex. 392, 286 S.W.2d 925, 926 (1956)). We construe the will "to give effect to every part of it, if the language is reasonably susceptible of that construction." *Id.* (quoting *Perfect Union Lodge*, 748 S.W.2d at 220).

## C.    Discussion

First, appellants argue that the first deed controls and because the first deed does not contain the limiting language, the trial court erred by awarding appellee the eastern one-third of Lot 390. However, pursuant to the terms of the will, the first deed should have contained the limiting language in the Will. Noe, as the independent executor, is bound to carry out the terms of the will, and he did so by executing the corrected deed. *See, e.g., Bilek v. Tupa*, 549 S.W.2d 217, 222 (Tex. App.—Corpus Christi–Edinburg 1977, writ ref'd n.r.e.) (noting independent co-executor "was duty bound to carry out the terms of the will"); *see also* TEX. EST. CODE ANN. § 352.002(b) ("Any particular directions in the testator's will regarding the sale of estate property shall be followed unless the directions have been annulled or suspended by court order."). The failure to include the limiting language in the first deed does not eradicate Benito's wishes regarding the distribution of Lot 390. *See id.* § 251.002. Therefore, we decline to hold that the first deed governs Lot 390.

Next, appellants argue that the limiting language in the will applies only if the parties fail to survive Benito and if that party's heir then partitions Lot 390. We disagree. The will devises all of Benito's interest in Lot 390 "in equal shares" to each party. The will specifically states that if any one party fails to survive Benito, then that party's share shall

15

be distributed to that party's "*descendants* that survive [Benito]." Therefore, we disagree that, because no party predeceased Benito, the limiting language is inapplicable.

Finally, appellants argue that the use of the term "equal shares" must mean that Benito desired for each party to receive "equal value." Appellants argue: "Nothing in Benito's [w]ill expresses a clear intent to *not* have Lot 390 partitioned in a manner that results in tracts of equal value in accordance with the [Act] and Chapter 23." However, the language "the portion going to [appellee] shall be the section that borders" Lot 389 demonstrates Benito's intent to devise a particular piece of Lot 390 to appellee, without regard to its value relative to the other pieces. Benito's intent to devise his estate disproportionately is further evidenced by expressly bequeathing to Noe the entirety of Lot 389. *See Vinson v. Brown*, 80 S.W.3d 221, 231 (Tex. App.—Austin 2002, no pet.) ("In interpreting a will, the proper function of the judiciary is to construe it according to the intention of the testator as disclosed by the language used."). Appellee's "portion" is the "section" that "borders along 389." Because there is only one side that borders Lot 389, appellants' argument must fail.[3]  *See id.* ("Words of common use are given their plain and ordinary meaning in the construction of a will."). The will does not state that the parties are to receive equal value, and if Benito intended for the parties to own Lot 390 in equal value, then he could have articulated so. *See id.* The only reasonable interpretation of this provision is for appellee to receive the easternmost one-third of the lot, irrespective of value. Accordingly, the trial court did not abuse its discretion in partitioning the property

---

[3] The trial court stated: "I'm not even sure why we're here, to be perfectly honest with you. You filed a petition to partition the property. I mean, the will says what's to happen when you partition the property. There's only one east side that borders Lot 389."

16

as it did. *See Carter v. Harvey*, 525 S.W.3d 420, 435 (Tex. App.—Fort Worth 2017, no pet.) (noting the rules of equity govern partition, and the trial court is in the best position to determine equities between parties). We overrule appellants' second and third issues.

## V.     FINDINGS OF FACT & CONCLUSIONS OF LAW

Lastly, appellants argue that the trial court reversibly erred in failing to issue findings of fact and conclusions of law. A trial court must file written findings of fact and conclusions of law when timely requested by a party. TEX. R. CIV. P. 296. "The trial court's failure to respond to a timely request constitutes error, and we presume that error to be harmful unless the record affirmatively shows that the complaining party has suffered no harm." *Isaac v. Burnside*, 616 S.W.3d 609, 614 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).

In this case, "[a]lthough the trial court did not set forth findings in a separate document, the trial court included fact findings [and conclusions of law] in its judgment," and "these findings have probative value." *Id.* Based on the trial court's findings, it rejected *all* of appellants' arguments, and we have been able to address all of appellants' complaints on appeal without separate findings of fact and conclusions of law.[4] *Id.* Thus, we conclude that the trial court's failure to issue separate findings of fact and conclusions of law did not leave appellants to guess the basis for its rulings and did not prevent appellants from making a proper presentation of their case to this Court. *See id.* at 614–15. Therefore, the trial court's error in failing to issue findings of fact and conclusions of law is harmless, and we overrule fourth issue. *See id.* at 615.

---

[4] In fact, appellants asked us to review the trial court's "determinations" under a *de novo* standard of review.

17

## VI.    CONCLUSION

We affirm the judgment of the trial court.[5]

JAIME TIJERINA
Chief Justice

Delivered and filed on the
25th day of September, 2025.

---

[5] We deny appellee's motion to dismiss the appeal, and we dismiss his motion to stay this appeal as moot.